VIRGINIA C. RICHMOND, by her Guardian, v. WILLIAM DELAY.

1. EXECUTOR AND ADMINISTRATOR: DISTRIBUTION: REFUNDING BOND.—It is not necessary for a distributee to file a refunding bond with his petition for distribution, when presented before final settlement. It is sufficient if the petition contain an offer to execute one. See *Keith & Vaiden* v. *Jolly*, 26 Miss. R. 131.

2. HUSBAND AND WIFE: INTEREST OF THE HUSBAND IN WIFE'S SLAVES, HELD UNDER THE ACT OF 1846.—Upon the death of the wife, her slaves, held under the Act of 1846, descend immediately to her children. The husband's life estate, secured by the Act of 1839, does not extend to slaves held by the wife under the Act of 1846.

APPEAL from the Probate Court of Lafayette county. Hon. Wm. Peterson, judge.

*Viser* and *Barr*, for appellant,

Contended that the construction, securing the husband's life estate in the wife's slaves, placed upon the Act of 1839, Hutch. Dig., p. 497, in *Cameron* v. *Cameron*, 29 Miss. R. 112, was based solely upon the provisions of the fourth section of that act, and which was expressly repealed by the Act of 1846; and that, if any doubt could remain as to the effect of the repeal of that section upon the present matter in controversy, it was removed by the sixth section of the latter act, which expressly gave the husband a life estate in the lands of the wife, and omitted all mention of any interest in him, in the slaves: *expressio unius est exclusio alterius;* that it was sufficient to offer to execute a refunding bond. See *Keith & Vaiden* v. *Jolly,* 26 Miss. R. 131.

*John F. Cushman,* for appellee,

Filed an elaborate brief, in which he insisted, 1st, that the husband was entitled to a life estate in the slaves of the wife, held under the Act of 1846, in like manner as in those held under the Act of 1839; and 2d. That the demurrer was properly sustained, because no refunding bond had been tendered with the petition.

On the first point, he cited and commented on the cases of *Lyon* v. *Knott,* 26 Miss. R. 500; *Cameron* v. *Cameron,* 29 Miss. R. 112. On the second point, he cited Hutch. Dig., § 91, p. 665; *Carmichael* v. *Browder,* 3 How. Miss. 252; *Harmon* v. *Thompson,* 2 Ib. 808; *Murdock* v. *Washburn,* 1 S. & M. 546; 24 Miss. R. 619; 26 Ib. 395.

SMITH, C. J., delivered the opinion of the court.

Mrs. Richmond, the widow of Willis M. Richmond, was married to William Delay, the plaintiff in error, in 1852, and died in 1854. She died leaving the plaintiff in error, Virginia C. Richmond, the only surviving issue of her first marriage, and John W. Delay, her only child by the last marriage. When Mrs. Richmond was married to Delay, she was, with Virginia C., entitled to distribution upon Richmond's estate. Her share was delivered to her during

her marriage with Delay. After the death of Mrs. Richmond, her estate was distributed to Virginia C. and John W. Delay. William Delay was appointed guardian of John W., and, as such, took possession of the property, consisting of certain slaves allotted to him. John W. died in 1855, and administration of his estate was granted, in February, 1856, to Delay, who holds possession of the property.

A petition was filed by Virginia C. in the Court of Probates of Lafayette county, alleging these facts, claiming the property as heir-at-law and distributee of John W., who died intestate, and praying that a decree may be made, requiring the property to be delivered to her. The petition alleges further, that there are no debts due from the estate of John W., and offers to execute a refunding bond.

The respondent demurred to the petition, and assigned, as special cause of demurrer, that a refunding bond was not tendered by the petitioner. The demurrer was sustained, and a decree rendered dismissing the petition, to reverse which this writ of error is prosecuted.

The record presents but two questions for our consideration: first, whether a party claiming distribution of a decedent's estate, after the lapse of twelve months from the grant of administration, and before final settlement of the estate, is required by the statute to file with his petition a refunding bond; and second, whether, in the case presented by the petition, the defendant in error was entitled to the usufruct in the slaves claimed for the term of his own life.

The first point was settled by this court in the case of *Keith & Vaiden* v. *Jolly*, 26 Miss. R. 131. According to the construction placed upon the statute in that case, the party petitioning for distribution, under the circumstances alleged, is not required to tender or file with the petition a refunding bond. It is sufficient if he offer to execute the bond.

In *Cameron* v. *Cameron*, 29 Miss. R. 112, the wife died seised and possessed of an estate in slaves, held under the provisions of the Statute of 1839, in regard to married women, leaving a son, the issue of the marriage, who subsequently died, a minor and intestate. Upon a proceeding instituted by the heir-at-law and distributee of the intestate against the husband and father, to recover the slaves,

it was held, that under the provisions of the statute in such a case, the husband by the marriage acquired a right, for the term of his own life, to the proceeds of the labor of the slaves.

It was said, in argument, that the Act of the 28th Feb., 1846, in this respect, has not restricted or abridged the rights of the husband in reference to the property of the wife held under the Act of 1839; and hence it is contended that, under the rule applied in *Cameron* v. *Cameron*, the defendant in error acquired a life interest in the proceeds of the slaves of which Mrs. Delay was possessed at the time of her death. Consequently, that the plaintiff in error had no title to recover.

The decision in *Cameron* v. *Cameron* was based upon the provisions of the fourth section of the Statute of 1839, which provided that the proceeds of the labor of all slaves owned by a woman at the time of her marriage, or acquired subsequently during its continuance, should remain to the husband, agreeably to the laws theretofore in force. But that section was in express terms repealed by the Act of 1846, leaving in full force the third section of the previous act, which declared that the slave property owned by a woman at the time of her marriage should, notwithstanding her coverture, be held and possessed by her as separate estate, free from the contracts and liabilities of her husband. If nothing further had been said or done by the legislature, it is not easy to imagine upon what pretence a right, in such cases, could be set up, either to the property or its usufruct, by the husband. But the Act of 1846 goes further. It declares, in express terms, that "the products and proceeds of the labor of all slaves owned by a married woman, in her sole and separate right, shall inure to her sole and separate use and benefit." 4th sec. Act 1846. This language is too plain to admit of construction. The manifest object and necessary effect of this provision was to take away from the husband, the right to the proceeds of the labor of the slaves secured to him by the pre-existing law. When a married woman, holding slaves under the statute, dies, leaving issue either by the present or any previous marriage, it passes to them, under the directions of the sixth section. The husband, under no contingencies, provided for, is entitled to hold possession of the property, as being entitled to its issues and profits. When he succeeds to it under the law, he takes it in fee.

Decree reversed, and cause remanded for answer.