## Gus Moseley v. The State.

THEFT—INDICTMENT.—In an indictment for theft, the stolen property may be alleged in the indictment to belong to one who had but a special property in it at the time it was stolen.

APPEAL from Rusk.    Tried below before the Hon. M. D. Ector.

*George Clark, Attorney General,* for the State.

ROBERTS, CHIEF JUSTICE.—It was proved that Henry Garrison had in his possession and in his house a double barrel shot gun, of the value of twenty dollars or over, which he had borrowed from Columbus Smith, to whom it belonged; that he, Garrison, had thus had the gun borrowed and in his possession for about twelve months, and that defendant had stolen the gun from him out of his house whilst it was thus in his possession.

The indictment charged the defendant with the theft of the gun, "the property of one Henry Garrison."

The only point in the case is whether or not the proof supported the charge in the indictment as to the ownership of the property stolen.

The court, after giving the usual charge in such a case of theft, also charged the jury that "if the evidence satisfies you that the gun belonged to Columbus Smith, and he had loaned it to said Henry Garrison for the year, and it was fraudulently taken and stolen from the possession of Henry Garrison by the defendant, as above charged, you will consider the said gun the property of said Henry Garrison at the time it was stolen."

The defendant's counsel asked the court to charge the jury that "if the proof satisfied them that the gun alleged to have been stolen was not the property of Henry Garrison, the party alleged to be the owner of the gun, you

will find the defendant not guilty," which the court refused to give.

The alleged error in the charge of the court, and the refusal to give the charge asked, were the grounds set forth in the motion for new trial, after the jury had returned a verdict of guilty, which motion was overruled.

The charge of the court in effect instructed the jury what facts were necessary to give to Henry Garrison a special property in the gun, and having done so, he might well refuse to give the charge asked, which would only have tended to confuse the jury as it was presented.

It is well established that property may be alleged in an indictment to belong to one who has a special property in it at the time it is stolen. (Langford *v.* The State, 8 Tex., 116; 3 Greenl. Ev., § 161.)

Affirmed.