# COURT OF APPEALS OF TEXAS.

## TYLER TERM, 1877.

### MATT GRANT *v.* THE STATE.

1. PRACTICE IN THIS COURT. — Refusal of a continuance by the court below will not be revised by this court unless exceptions thereto, duly reserved at the trial, are brought up in the record.

2. JURY — WAIVER OF MODE OF IMPANELING. — In a trial for theft, counsel for the accused consented that the jury be impaneled under the former, instead of the present, law. *Held,* that this action of his counsel did not impair the defendant's right of trial by jury, and bound him as a waiver, under article 26 of the Code of Criminal Procedure, which provides that a defendant may waive any right, except trial by jury, when he has pleaded not guilty. Pasc. Dig., art. 2492.

3. JURY — IRREGULARITIES in the formation of the petit jury are not favorably regarded as cause for new trial unless it appears that the mode adopted affected the fairness of the trial, without want of diligence on the part of the defendant.

4. CATTLE — THEFT — PROOF OF OWNERSHIP. — It is sufficient for the state to prove that the alleged owner was in possession of the animal, in good faith, under a bill of sale duly recorded. Proof of title in the owner's vendor is not incumbent on the state.

5. INDICTMENT — DESCRIPTION OF STOLEN ANIMAL. — "One certain calf of the neat cattle kind" is sufficient description of the animal stolen.

6. EVIDENCE establishing a mere probability or strong suspicion of the guilt of the accused will not support a conviction.

7. HEARSAY EVIDENCE. — The 'state, after proving the brand of the alleged owner, introduced a witness who testified that he found the hide of the stolen animal where it had been freshly killed, and carried the hide to a house, where another person looked at it and said that the brand was S S, and that of the alleged owner; but that he, the witness, knew nothing about brands. Afterwards, as the witness was leaving the stand, the state's counsel called out to him, "What brand was on the calf?" and he replied, "S S." *Held,* that this last answer of the witness is to be taken in connection with his previous statement, and both are but hearsay as to the brand found on the hide.

Appeal from the District Court of Jackson.   Tried below before the Hon. W. H. Burkhart.

The material facts are stated in the opinion.

No brief for the appellant has reached the hands of the reporters.

*George McCormick*, Assistant Attorney General, for the State.

Winkler, J.   The appellant was convicted, and his punishment assessed at confinement in the state penitentiary for a period of two years, on a charge of theft of a calf. In considering the case it is proposed to notice such questions presented by the record as are necessary to the determination of the case, and such as go to the foundation of this prosecution, and which may arise on another trial.

First, as to the action of the court in overruling the motion of the defendant for a continuance.   The failure of the party affected by the ruling to save the point by a proper bill of exceptions precludes this court from revising the ruling complained of.   The action of the court overruling an application for continuance will be considered only on appeal on a bill of exceptions taken at the trial and embodied in the transcript sent up on appeal.   This is the settled practice.   *Nelson* v. *The State*, 1 Texas Ct. App. 41, and cases there cited.

The next subject to be considered is the manner of forming the jury.   The matter complained of is set out in a bill of exceptions taken at the time to the action of the court on the subject, substantially as follows :

The court asked the counsel for the defendant whether they waived the impaneling of the jury under the law now in force, and were willing to impanel under the old law ; to which the counsel for the defendant answered they were

willing to impanel under the old law. The bill of excep-
tions proceeds to state that, after the counsel for the state
had selected a jury of twelve men, the defendant was
required to pass upon the jury, which he did by rejecting
from the panel two of the twelve jurors selected by the
state, when two other jurors were called by the sheriff and
placed upon the panel. Whereupon the defendant insisted
that the state should be required to pass upon the last two
jurors called before the defendant was required to exercise
the right of challenge, but the court overruled the motion,
and required the defendant first to pass upon said two last
jurors before the state was required to do so, upon the
ground that each party should turn over to the other a full
jury, and that the state had done so ; to which ruling of the
court the defendant excepts.

As to the first proposition embraced in this bill of excep-
tions, we are of opinion it was competent for the defendant
to waive any particular requirement as to the manner of
forming the jury, so that the right of trial by jury be not
impaired. By article 26 of the Code of Criminal Proced-
ure it is provided that the defendant to a prosecution for
any offense may waive any right secured to him by law
except the right of trial by jury, when he has pleaded not
guilty. Pasc. Dig., art. 2492. The waiver by the defend-
ant of the manner of impaneling did not deprive him of
the right of challenge, or of any other right necessary to
a fair and impartial trial. In fact the record negatives the
idea that he was deprived of the right of challenge, or that
he was restricted in this right in any manner whatever, or
that he exhausted this right of challenge.

Courts do not look with favor upon any seeming irregu-
larity in the manner of forming a jury for the trial of a
criminal case unless it should be made to appear, either in
the motion for a new trial or elsewhere, that by the mode
adopted the defendant was in some material matter deprived

of a fair trial, and that the difficulty did not arise from a want of due diligence on his part. The defendant was bound by the acts of his attorneys in making the waiver as set out. The objection would have come with better grace if it had been shown, on a motion for a new trial, that any injustice had been done their client, but this alleged error in the ruling of the court is not even mentioned in the motion for a new trial. As to the second proposition, we are of opinion that the course pursued was in substantial conformity to the practice obtaining under the Code, and under which he had consented to be governed, in forming the jury, except in capital cases, where a different mode was required.

Another question is raised by bill of exceptions as to the proof of ownership of the animal alleged to have been stolen. The person claiming to be the owner, as a part of his evidence of right to the property, produced a bill of sale to the stock bearing the brand and ear-mark it was attempted to be proved was on the animal stolen ; but, on cross-examination, he stated in substance that his vendor was the widow of one Simon Armand, and that the deceased had several children living at the time of the trial. We have been cited to no authority, nor do we hold, that, in a trial for theft of animals, when the state shows that the alleged owner is in possession of the property in good faith, under a bill of sale duly recorded, it could be required to deraign title by going further to warrant a conviction, so far as this branch of the case is concerned.

The sufficiency of the indictment is called in question by a motion in arrest of judgment, mainly on the ground that there is no sufficient description of the animal charged to have been stolen. The animal is described in the indictment, besides allegations of ownership, want of consent to the taking, and value, as " one certain calf of the neat cattle kind." In *Henry* v. *The State*, 45 Texas, 84, we find

this language : " This court has held that to describe the animal as a ' cow,' a ' steer,' or a ' yearling ' is a sufficient description. Is an ' ox ' less descriptive or less understood than cow, calf, steer, or yearling ? " There the indictment described the property as " two certain oxen," and the description was held to be sufficient. In *Robertson* v. *The State*, 1 Texas Ct. App. 311, it was held that, in charging theft of cattle, a description of the species — as cow, ox, and the like — without the use of the generic term ' cattle,' is sufficient. Here the indictment uses both the species, as a certain calf, and also the generic term, thus, " of the neat cattle kind." The indictment was rightfully held sufficient.

One other proposition will be noticed, namely, the sufficiency of the evidence to support the verdict as set out in the motion for a new trial — particularly as to the proof of identity of the animal alleged to have been stolen. In *Tollett* v. *The State*, 44 Texas, 95, it was held : There must be legal and competent evidence pertinently identifying the accused with the transaction constituting the offense charged against him, to a degree of certainty greater than a mere probability or strong suspicion, in order to convict. The ruling in Tollett's case is, we think, applicable to this. It would seem from the charge of the court that the case was made to turn mainly on the question as to whether the brand of the alleged owner was on the hide of the animal charged to have been stolen. The charge on the subject, given at the request of the defendant, was as follows :

3. " The jury are further instructed that they are not authorized to consider any hearsay evidence that may have been given before them. And, unless they believe from the evidence that the brand on the calf was proven by testimony other than hearsay evidence to have been the brand of Milam T. Simons, the defendant is entitled to a verdict of acquittal."

4. " The jury are also instructed that they must only consider the facts in the case under the instructions of the court."

The only evidence as to the brand upon the hide is found in the testimony of the state's witness Woodward, who — after speaking of having seen the accused and another running after a calf, and the roping of a calf, and the two men getting down from their horses, and his having afterwards seen the parties going off, the defendant carrying something in a sack which, from its bloody appearance, he took to be meat, and the other carrying two quarters of beef on his saddle — says he went to the place where the two men had gotten down from their horses and found a calf's hide, a calf's head, and some entrails ; the liver, etc., having been devoured by the buzzards, etc. The witness says he " took the hide to his own house, and there a lady remarked that ' the brand on the hide is S S — Milam Simons' brand ;' stated that he knew nothing about brands or marks ; he was a stranger in this part of the country." Further on in the testimony of this witness the statement of facts shows this : " As the witness was leaving the stand the county attorney called out to him, ' What brand was on the calf?' To which the witness answered him ' S S.' To this the defendant' counsel objected, but no action was taken."

To our mind the reply of the witness to the questions of the county attorney must be read in the light of his former statement, that a lady remarked that the brand on that hide is S S — Milam Simons' brand, and that he knew nothing about marks or brands ; and so was but hearsay testimony.

It is not perceived how this testimony, taken in connection with the charge of the court, can be reconciled with the verdict of guilty and the refusal of the court to grant a new trial.

Taking into consideration all the evidence in the case, as set out in the statement of facts, we are of opinion the court

erred in overruling the defendant's motion for a new trial; and for this error the judgment is reversed and the cause remanded.

*Reversed and remanded.*