G. Samora *et al. v.* The State.

Theft — Allegation of Ownership.    If the stolen property belonged to joint owners, but, when stolen, was in the exclusive possession and control of one of them, the indictment may allege the ownership to be in the latter alone.

Appeal from the District Court of Lavaca.    Tried below before the Hon. E. Lewis.

The indictment charged Joe Samora, Green Samora, and Isaac Bremingham with the theft of a certain gelding, the property of W. P. Dixon, which, according to the evidence, was stolen from the accustomed range of Dixon's stock, in Lavaca County, about August 9, 1874.    The two latter were tried jointly, and, being found guilty, were allotted five years each in the penitentiary.    The opinion discloses such matters of fact as it deals with.

*W. H. Crain*, for the appellants.    The indictment alleges ownership in one Dixon, while the proof shows ownership in Dixon & Peck.

We contend that the allegation of ownership was not sustained by the proof, and that the variance was fatal.    In the case of *Mathews* v. *The State*, 33 Texas, 107, the indictment charged that the defendant swindled Brooks, Knox & Co., and the proof showed that the offense was commit-

ted against Brooks & Knox, and the Supreme Court say that the judge below should have directed an acquittal on the ground of variance.

In the case of *Brown* v. *The State*, 35 Texas, 691, the court held that the allegation of ownership of property must be proved as laid. It seems, from the syllabus of the opinion in this case, that the indictment laid the ownership in two persons, and the proof showed that the horses stolen were the property of one of the persons.

What constitutes a variance is well determined in the exhaustive opinion of the court in the case of *Warrington* v. *The State*, 1 Texas Ct. App. 168.

" Where the goods are the property of several, they must be so described in the indictment." Archb. Cr. Pr. & Pl. 176 *a*.

" The property of the stolen goods must be averred to be in the right owner, if known. * * * If it appears that the owner of the goods is another and a different person from the person named as such in the indictment, the variance will .be fatal, and the defendant must be acquitted." Whart. Cr. Law, sec. 1820.

" Where goods stolen are the property of partners, or joint owners, all the partners or joint owners must be correctly named in the indictment; otherwise, the defendant will be acquitted. Thus, where goods are stolen belonging to A and B, as partners, an indictment alleging them to be the property of A is bad, though at the time they were in A's custody." Whart. Cr. Law, sec. 1833.

"As every larceny includes a trespass, which involves a violation of another's possession, it is essential for the prosecution to prove that the goods were the property of the person named as the owner." 3 Greenl. on Ev., sec. 161.

" If ownership of the property is laid in three persons, and proof of ownership by two, a conviction cannot be sus-

tained (*Parmer* v. *The State*, 41 Ala. 416); so if laid in one and ownership in three."

"An indictment for larceny, charging that the goods stolen were the property of A, is not sustained by proof that they belong to A and B as partners, and that at the time of the larceny they were in A's possession." *Hogg* v. *The State*, 3 Blackf. 326.

"An indictment for larceny, charging the goods stolen to be the property of A, is not supported by evidence that they were the property of A and B, who were partners." *The Commonwealth* v. *Trimmer*, 1 Mass. 476; *The State* v. *Owens*, 10 Rich. 169.

The case of *Henry* v. *The State*, in 45 Texas, 86, was relied upon by the prosecuting officer in the lower court. In that case the court says that the evidence showed that the property was in the possession of, and controlled by, Mrs. Cobb, the alleged owner.

In the case before the court we suggest that the proof shows only a constructive possession in Dixon, just as it does in Peck. Neither had the animal in an inclosure or in a stable, but it was running at large in the range, in the constructive possession of both owners. And in the case of *Henry* v. *The State*, above cited, the court says: " If A and B be joint owners, and the property not in the possession and control of either, and the pleader should allege that A was owner, the variance would be fatal."

But, should it be considered that the allegation of ownership in Dixon is sustained by proof of ownership in Dixon & Peck, was it not incumbent upon the State to prove that both the owners did not give their consent, and was it not the duty of the court to instruct the jury to that effect?

In felony cases, the court, whether asked or not, must charge the law applicable. *Buford* v. *The State*, 44 Texas, 525 (Code Cr. Proc., art. 594); *Allen* v. *The State*, 1 Texas Ct. App. 516; *Johnson* v. *The State*, 1 Texas Ct. App. 118,

and cases there cited.   Therefore it would seem that, if the indictment allege ownership in A, and the proof shows ownership in A and B, the court should instruct the jury that the want of the consent of both owners must be proved.   More especially would this seem to be the duty of the court in case neither owner had the exclusive and actual control over, and possession of, the property.   The witness Dixon said that the other owner, Peck, was not authorized to dispose of the property ; but, certainly, if the defendants had obtained Peck's permission to take the gelding, they could not have been convicted.   Nor can their failure to show Peck's consent be urged against them, because the burden of proof never shifts from the State, although it could have been shown by circumstantial evidence.   *McMahan* v. *The State*, 1 Texas Ct. App. 102.

The lack of consent of the owner to the taking is one of the constituent elements of theft, and, although negative in its character, must be satisfactorily shown by the best evidence of which the case is susceptible.   *Porter* v. *The State*, 1 Texas Ct. App. 394.

Certainly the State ought to have been compelled to show, by the best evidence to be procured, that the owners did not give consent, which was not done.

In the case of *Erskine* v. *The State*, the appellate court says : " Under the rule requiring the best evidence the case admits of to be produced, we think the man Henry Anderson should have been sworn and examined, or the absence of his testimony accounted for.   We are of the opinion that Henry Anderson had such possession and control of this gelding, under the circumstances detailed in the evidence, as that his consent to the taking, if given, would have screened the taker from liability for the taking."   *   *   *  *Erskine* v. *The State*, 1 Texas Ct. App. 405.

In the case just cited, the State proved non-consent of the owner, French Smith, but the court held it to be neces-

sary, under the facts in the case, to prove non-consent of the agent.

In this case, Peck had the same character of control and ownership of the gelding as Dixon, and his permission would have certainly screened the takers from liability.

Consequently, we think his non-consent should have been proven, and that the court should have given a charge to that effect to the jury.

*W. B. Dunham*, for the State.

WINKLER, J.  On the trial below, the defendants requested the court to charge the jury as follows:

"That the burden of proof rests upon the State to prove the ownership of the horses as alleged in the indictment. Proof that the horses in this case belonged to Peck & Dixon would not sustain the allegation made in the indictment that they were the property of W. P. Dixon. The jury must believe from the evidence that the property was proven to be that of W. P. Dixon, as alleged in the indictment, before they would be justified in convicting them of the theft."

The court refused to give this charge, and to the refusal the defendant took a bill of exceptions.

On this subject the court instructed the jury as follows:

"If the jury believe, from the evidence, that W. P. Dixon, the alleged owner of the gelding, was a part-owner of the same, and had the exclusive control and possession of the same, then the allegation of ownership in the indictment will be sufficient to support a conviction."

The indictment alleges the ownership of the gelding to have been in W. P. Dixon.

The proof shows that the gelding was one of a number of horses belonging to Peck & Dixon, and W. P. Dixon testified "that this gelding belonged to him and Peck, of Gon-

zales, Gonzales County, but that he had the exclusive possession and control of him ; that he did not give his consent to the taking of him, and that Peck had no authority to do so, or even to take him himself." This testimony was not contradicted or questioned.

The question raised by the bill of exceptions has repeatedly been decided by the Supreme Court, and against the view taken by the appellants. As early as the case of *Langford* v. *The State*, 8 Texas, 115, Wheeler, J., said : " The rule is that when one person has the general, and another a special, property in the thing, the property may be averred in the indictment to be in either." Citing Whart. Cr. Law, 404.

In *Moseley* v. *The State*, 42 Texas, 78, the court says, Roberts, C. J., delivering the opinion : " It is well established that property may be alleged in an indictment to belong to one who has a special property in it at the time it is stolen." Citing Langford's case, and 3 Greenl. on Ev., sec. 161.

In *Henry* v. *The State*, 45 Texas, 84, Ireland, J., delivering the opinion of the court, it was said : " By our Code (Pasc. Dig., art. 2381, and note) the ownership may be alleged in the one having the special, or the one having the general, property in the thing stolen, as the pleader may choose. * * * If A and B be joint owners, and the property not in possession and control of either, and the pleader should allege that A was owner, the variance would be fatal; but, if the ownership be in A and B, and B has actual possession and control, the pleader may allege that the property belonged to B." This case is in point. See, also, *Wilson* v. *The State*, 3 Texas Ct. App. 206.

The court did not err in the charge given, nor in refusing that asked by the defendants.

We find no other matter of law requiring special notice.

The various questions raised have received the attention their importance demands.

We are of opinion that the appellants have been fairly tried and convicted, upon a sufficiency of evidence, under proper instructions, and that the judgment be affirmed.

*Affirmed.*