5   251
30   482
30   676

## JOHN W. FORE *v.* THE STATE.

1. **THEFT.** — The possession and ownership of the property stolen need not necessarily be in the same person in order to constitute theft. And where one has the general and another the special property in the thing stolen, the ownership may be alleged in either.

2. **EVIDENCE** must correspond with the allegations, and be confined to the points in issue.

3. **SAME.** — Evidence which merely tends to connect the accused with other offences, distinct from that for which he is on trial, must be excluded. The exceptions to this general rule are confined to cases which relate to *knowledge* or *intent* of the party as to some material fact which, though apparently collateral, had some bearing on the main fact.

4. **SAME.** — It is for the court to determine whether or not evidence offered is competent as throwing light upon the issue, or tending to establish guilt or innocence; and if competent, to admit it to be considered by the jury

as other testimony in the case; otherwise, to exclude it. This duty of the court should not be transferred to the jury.

5. SAME. — It was error, in a trial for theft, to admit evidence of the extradition of the accused from the republic of Mexico, on a charge of assault with intent to murder.

APPEAL from the District Court of Kinney. Tried below before the Hon. T. M. PASCHAL.

The case is disclosed in the opinion of the court.

No brief for the appellant.

*George McCormick*, Assistant Attorney-General, for the State.

ECTOR, P. J. The defendant was indicted, tried, and convicted, at the May term of the District Court of Kinney County, for the theft of a gelding, and his punishment assessed at confinement in the penitentiary for the term of fifteen years. The indictment charges that the animal stolen was the property of one H. C. Griner, and that the same was fraudulently taken from his possession, without his consent, etc.

The evidence shows that the gelding, at the time he was taken, was the property of H. C. Griner, and in the possession of the witness James McLymont, the agent of Griner, who was holding the same for the owner, and was taken without the consent of McLymont.

We do not believe the court erred in overruling the objection of defendant to that portion of the testimony of the witness McLymont as to the possession of the gelding, and the want of his consent to any appropriation or taking of said gelding. It is not necessary, in order to constitute theft, that the possession and ownership of the property be in the same person at the time of the taking. When one has the general and another the special property in the

---

---

thing stolen, the ownership may be alleged to be in either. In this case, the possession of McLymont was the possession of Griner, and evidence that the gelding was taken from the possession of McLymont, and without his consent, was properly admitted. Pasc. Dig., art. 2386 ; *Cox* v. *The State*, 43 Texas, 101 ; *Moseley* v. *The State*, 42 Texas, 78 ; *Samora* v. *The State*, 4 Texas Ct. App. 512 ; *Jenks* v. *The State, ante*, p. 68 ; 2 Whart. Cr. Law, sec. 1824.

The District Court committed an error, for which this case must be reversed, in admitting testimony, over the objections of the defendant, in regard to other and distinct offences, which were in no way connected with the offence charged in the indictment. The court improperly allowed the witnesses McLymont, Lambert, and Hagerty to testify in relation to a written order purporting to be drawn on one James Cornell for $32, which order the witness McLymont testified had been forged by the defendant, and presented by him at the store of Cornell, and that defendant had received in money and goods the full amount called for in the order, from the clerk of Cornell, on the day when said gelding was stolen.

The production of evidence to the jury is governed by certain rules. The first of these is that the evidence must correspond with the allegations, and be confined to the point in issue. As a general rule, evidence of collateral facts, or those which are incapable of affording any reasonable presumption or inference as to the principal fact or matter in dispute, is excluded ; and the reason is that such evidence tends to draw away the minds of the jurors from the point in issue, and to excite prejudice, or to mislead them ; and, moreover, the adverse party, having had no notice of such a course of evidence, is not prepared to rebut it.

Mr. Wharton says : " The general rule on the subject of permitting testimony to be given of matters not alleged is, that nothing shall be given in evidence which does not

directly tend to the proof or disproof of the matter in issue. Evidence of a distinct, substantive offence cannot be admitted in support of another offence; *à fortiori*, evidence of an intention to commit another offence cannot be admitted." 1 Whart. Cr. Law, 647.

Mr. Bishop says: "It is not permissible, as a general rule, to show that the defendant has committed other crimes of the same kind as the one for which he is being tried, — as, for instance, if he is being tried for larceny, to show that he has committed, at other times and places, other distinct larcenies. * * * Much less is it permissible to show a different sort of crime committed by the prisoner." Bishop's Cr. Proc., sec. 1064. On trial of a defendant under an indictment for burglary, evidence of the manufacture by him of the burglarious instruments by which another burglary was committed was held inadmissible. *The Commonwealth* v. *Wilson*, 2 Cush. 590. See also *Walker* v. *The Commonwealth*, 1 Leigh, 574; *Brock* v. *The State*, 26 Ala. ——; *Barton* v. *The State*, 18 Ohio, 221; *Cole* v. *The Commonwealth*, 5 Gratt. 696; *The State* v. *Martin*, 34 Miss. 85.

As was said by this court in the case of *Persons* v. *The State*, 3 Texas App. 240, "exceptions to this rule may be found. But these exceptions will be found to have been in cases which relate to *knowledge* or *intent* of the party as to some material fact which, though apparently collateral, had some bearing on the main fact." See also 1 Greenl. on Ev. 53; *Gilbraith* v. *The State*, 41 Texas, 567; *Cesure* v. *The State*, 1 Texas Ct. App. 19.

We cannot see that the evidence in regard to the written order, which was admitted by the court over the objections of defendant, tended in the remotest degree to prove the defendant guilty of the offence charged. It related to an entirely distinct offence, committed at a different time, and was well calculated to prejudice defendant's case before the

jury, and to excite prejudice in their minds, and mislead them.

The court below also erred, for the same reasons, in admitting the evidence of McLymont about his saddle, bridle, blanket, and other articles, which he testifies were stolen from his camp. If any of these missing articles had been subsequently seen in the possession of the defendant, that fact would be proper evidence as a link in the chain of circumstances tending to connect the defendant with the theft of the gelding stolen at the same time. There is no proof in the statement of facts that any of the articles mentioned by the witness McLymont were seen in the possession of defendant after they were stolen.

The court, in the seventh paragraph of the charge to the jury, instructed them as follows: That "proof of other offences committed at the same time and place as that for which defendant is charged are admissible as evidence if they serve to explain or throw any light upon the charge in the indictment, and to this extent only can they be considered; but if they do not throw any light upon the transaction in question they should be discarded by you, for without this connection they cannot raise any presumption of guilt or prejudice against the defendant in your consideration of the case at bar."

This instruction did not relieve the testimony of its objectionable features. It was for the court to decide whether or not it was proper evidence to go to a jury, or whether it would serve to throw light upon or tend to establish the guilt of the accused. If so, then it was proper testimony to go to the jury, to be considered by them like the other evidence in the case. If it was not of this character of evidence, then the objections of defendant to its admission should have been sustained.

The court also erred in allowing the witness Winders to testify that defendant was extradited from the republic of

Mexico on a charge of an assault with intent to murder. The questions we have been considering on this character of testimony are presented by bills of exception. There are other errors raised in defendant's motion for new trial. They are such, however, as may not likely occur on another trial.

The judgment is reversed and the cause remanded. *Reversed and remanded.*