## JAMES TRAFTON v. THE STATE.

1. THEFT—INDICTMENT for theft of property alleged to belong to a minor, charged that it was taken from the possession of "Mrs. J. H., the natural guardian" of the minor. *Held*, a sufficient allegation of the possession.

2. OWNERSHIP may be alleged either in one who has the general property, or in another who has a special property in the thing stolen.

3. PAYMENT for stolen property constitutes no atonement or defence; nor can it be treated as tantamount to such a voluntary return of the property as will, under the provisions of the Penal Code, mitigate the penalty.

4. CHARGE OF THE COURT. — In a trial for theft of a "yearling," the charge of the court designated the animal as "the *calf* described in the indictment." *Held*, an immaterial discrepancy, not calculated to mislead the jury, or otherwise to prejudice the accused.

5. EVIDENCE. — To establish the want of the owner's consent to the taking of the property, the prosecution need not introduce the testimony of the owner. Circumstantial evidence may suffice.

APPEAL from the District Court of Gonzales. Tried below before the Hon. E. LEWIS.

The conviction was for the theft of a yearling, and the punishment was assessed at two years in the penitentiary.

The testimony for the State proved the property in the animal as laid in the indictment. By two witnesses it was proved that, when approached because of branding the animal, the appellant claimed to have made a mistake, and offered three dollars in payment, which was accepted as satisfactory. Another witness for the State testified that, on a day previous to the disappearance of the animal, he was riding with the appellant through the woods, and they came upon the yearling following a certain cow. Appellant stated that the yearling was a pet of Sarah Hutchinson, and that, as the Hutchinsons had no other stock, he believed he would put his own brand on it and keep it. Witness replied that he had better not do it while he was present, for he would lodge an information against him. A day or two afterwards, witness saw appellant driving the cow and yearling towards his (the appellant's) house, and was told after-

wards, by the appellant, that he had that day made a dollar and a half and a calf; to which the witness responded, "I see you have."

For the defence, one witness testified that he knew appellant had three or four marked, but unbranded, yearlings at the time of the alleged theft, one of which was of a color and size answering the description in the indictment. Witness told the appellant of these yearlings, and branded three for him.

It was not in evidence that appellant offered to return the animal to the owner.

*Ponton & Fry*, for the appellant. In this cause the defendant is indicted for theft of a yearling of the species of neat cattle, the property of one Sarah Hutchinson, a minor, from the possession of Judith Hutchinson, the mother and natural guardian of said Sarah.

In our second assignment of error, we claim that the court erred, because we know of no law or rule of practice which would authorize the court to go outside of the indictment, where a defendant was charged with theft of an animal described as a yearling, and charge in relation to theft of a calf. Defendant, under the allegations in the indictment, could only be convicted for theft of a yearling, while the court, by his charges, authorize the jury to convict for theft of a calf, thereby virtually depriving the defendant of a legal right, which is that he should only be tried upon the allegations set forth in the indictment.

In support of our third assignment of error, we take it as a well-settled legal proposition that the natural guardian, — as, father or mother, — and as such, has no legal right to the management and control of the separate estate of the infant.

The instructions given in fifth charge must be erroneous, and our assignment of error good.

*Thomas Ball*, Assistant Attorney-General, for the State.

Winkler, J.   This is an appeal from the judgment convicting the appellant of theft of "one certain yearling, of the species of neat cattle," alleged to have been wilfully, unlawfully, fraudulently, and feloniously taken "away from the possession of Mrs. Judith Hutchinson, natural guardian of Sarah Hutchinson, a minor," and averred to be the property of said Sarah Hutchinson, and of the value of $5, and taken "without the consent of said witness Hutchinson, or the consent of Sarah Hutchinson, the said owner thereof," with the unlawful, fraudulent, and felonious intent, etc.

The following exceptions were taken to the indictment:

"1. The allegations in the indictment are vague and uncertain, and not such as to compel the defendant to answer.

"2. There is no offence charged in the indictment, known to the laws of Texas; wherefore defendant moves to quash it."

This motion was overruled, and the accused was tried on the plea of not guilty, and found guilty by the jury, and his punishment assessed at two years' confinement in the State penitentiary.

The accused made a motion and an amended motion for a new trial, which were overruled, and judgment was entered upon the verdict; from which judgment this appeal is prosecuted.   A bill of exceptions was saved to the rulings of the court refusing to give to the jury special instructions asked by the defendant's counsel, and refusing a new trial.   It is proposed to notice only such matters arising on the charges given and those refused, and such set out in the motion for a new trial, as are deemed necessary to a proper decision as to the merits of this appeal, rather than a discussion *seriatim* of the assignment of errors.

The objections to the indictment, taken in the motion to quash, are general in their character, and do not point the

court to any particular defect. Testing the indictment by the requirements of the Code, and repeated decisions of both the Supreme Court and of this court, it is deemed amply sufficient and certain to require the accused to plead to it, and to charge the offence therein set out. The court did not err in overruling the motion to quash. *Henry* v. *The State*, 45 Texas, 84; *Robertson* v. *The State*, 1 Texas Ct. App. 311; *Grant* v. *The State*, 1 Texas Ct. App. 1

The following special instructions were asked: "If the jury believe from the evidence that the State has failed to prove ownership and title to the yearling as alleged in the indictment, or if from the evidence they have a reasonable doubt of the true ownership of said yearling at the time it is alleged to have been taken, they will acquit. 2. It devolves upon the State to prove want of consent, as alleged in the indictment, before a conviction can be had. 3. If property stolen is returned within a reasonable time, and before prosecution is instituted, the penalty is reduced to a fine not to exceed one thousand dollars."

The judge, in refusing to give these instructions, appends thereto the following, as explanatory of his action: "Having instructed the jury as to the law applicable to the facts of the case, and because there was no evidence of the *return* of the yearling, but merely that the defendant paid the value of the calf after he was approached on the subject of the taking by Hutchinson, I decline to give the foregoing."

As abstract propositions, at least a portion of these special instructions announced correct law; but whether they were applicable to this particular case, or not, is quite a different question. An examination of the general charge, in connection with the testimony as set out in the statement of facts, discloses that the reasons given by the judge for refusing the special instructions are sustained by the record, and that he did not err in refusing to give them to the jury.

As to proof of ownership as averred in the indictment, the rule, well settled, is, as was said by Mr. Justice Wheeler in *Langford* v. *The State*, 8 Texas, 115: "The rule is, that when one person has the general, and another the special property in the thing, the property may be averred in either." *Moseley* v. *The State*, 42 Texas, 78; *Henry* v. *The State*, 45 Texas, 84; *Wilson* v. *The State*, 3 Texas Ct. App. 206; *Samora* v. *The State*, 4 Texas Ct. App. 508; Pasc. Dig., arts. 2386, 2387. It was competent to aver the ownership of the property in either the mother or the daughter; and so, with regard to the proof, if the facts showed that either was the true owner, there would be no variance between the averment and the proof. The statement of facts discloses that after the brother of the owner had gone in search of the missing animal, and found it near the residence of the accused, and had charged him with having branded it, the accused paid him (the brother) for it, and he conveyed the money to the mother, who gave it to the minor; but these facts did not warrant a charge on the subject of a voluntary return of the stolen property, nor did they atone to the violated law, if indeed he had committed a theft in the first place. *Horseman* v. *The State*, 43 Texas, 353; *Shultz* v. *The State*, decided at the present term, *ante*, p. 390. There was, however, no evidence of a return of the property.

It appeared in evidence that when the accused was accosted on the subject of branding the yearling, he said it was a mistake; and a witness for the defendant was introduced, apparently, in support of this theory. On this branch of the defence the court gave the following charge: "If the jury believe from the evidence that the defendant, James Trafton, took the calf described in the indictment under an honest mistake, honestly believing that said calf belonged to him, then they should acquit him."

By this instruction, the question of mistake was properly submitted to the jury, under and in connection with a proper

charge on the subject. of the credibility of the witnesses. It is argued, for the appellant, that the charge was prejudicial to the rights of the accused, in that it warranted the jury in convicting on proof of theft of either a calf or a yearling. The charge is not liable to this construction. When a calf is mentioned, it is referred to as the one mentioned in the indictment, and could not have misled the jury. The proof showed that the animal was taken from the possession of Mrs. Hutchinson, the mother of the owner, who was under the control of her mother. Under this state of case, the State was not required to bring the child into court in order to prove that she had not given her consent to the taking. The court properly charged the jury that the taking and want of consent might be proved by circumstantial evidence.

We are of opinion the appellant has been fairly tried and ably defended; that there is no want of sufficiency or certainty in the indictment; that the question of the guilt or innocence of the accused was fairly submitted to the jury by the charge of the court; and that the evidence is sufficient to support the verdict of the jury.

Finding no material error in the proceedings, the judgment is affirmed.

*Affirmed.*