## HENRY CROCKETT *v.* THE STATE.

1. THEFT. — An animal is in the possession of its owner when it is on its accustomed range.

2. SAME. — Possession of the person unlawfully deprived of property is constituted by the exercise of actual control and management of the property, whether the same be lawful or not.

3. INDICTMENT — OWNERSHIP. — If the property stolen is the property of a widow and her children who are under her control, the ownership may be alleged to be in the widow.

APPEAL from the Criminal District Court of Harris. Tried below before the Hon. J. MASTERSON.

The conviction was for the theft of a cow, and the punishment was assessed at two years in the penitentiary.

The property was alleged to be in Madam Benson, and the proof showed that it was the property of Madam Benson and her children by her deceased husband, the children being still minors and under her control. No administration on her husband's estate had been had, nor any partition of it between her and the children.

No brief for appellant.

*Thomas Ball*, Assistant Attorney-General, for the State.

WHITE, J. Charge in the indictment alleged the ownership of the cow to be in Madam Benson. Proof showed the cow was the community property of Madam Benson and the three minor children of her deceased husband and herself; that the minors lived with their mother, who was head of the family; and that the cow was taken from its accustomed range.

A bill of exceptions was saved to the third paragraph of the charge to the jury, which was: "3. If the cow of Madam Benson was in its usual and accustomed range, and if the same was fraudulently taken by defendant and appropriated to his use, so as to come within the definition of theft as already given you in charge, then such cow was in the possession of the owner, and no further possession of the owner is necessary to be shown. If the proof shows that the cow was owned by Madam Benson and her children by Benson, at Benson's death, and if Mrs. Benson, as widow

·of deceased Benson, was the head of the family, and as such she claimed to and did control, use, care for, and possess for herself the cow alleged to have been stolen, then such ·ownership, jointly with her minor children by Benson, and possession by herself, is sufficient; and it is of no importance that the ownership was partly in the minor children of Benson, deceased."

We see no error in this charge. An animal is in the possession of its owner when in its accustomed range. *Jones* v. *The State*, 3 Texas Ct. App. 498. "Possession of the person so unlawfully deprived of property is constituted by the exercise of actual control, care, and management of the property, whether the same be lawful or not." Pas. Dig., art. 2387; *Gaines* v. *The State*, 4 Texas Ct. App. 330.

. Upon the other doctrine, enunciated in the latter portion of the charge, the case of *Henry* v. *The State*, 45 Texas, 84, is directly in point. Henry was indicted for the theft of "two certain oxen," the property of Mrs. Mary Cobb. The testimony showed that the property belonged to Mrs. Cobb and the children of her deceased husband, on whose estate there had been no administration, and was in possession of Mrs. Cobb before the theft. It was held that the proof sustained the allegation of ownership, and the conviction was sustained. See also *Ware* v. *The State*, 2 Texas Ct. App. 547.

We are unable to perceive any error in the proceedings had on the trial below, which resulted in the conviction of this appellant; and the judgment is therefore affirmed.

*Affirmed.*