## John Hannahan v. The State.

1. Theft — Ownership — Variance. — Before the Revised Codes took effect, an indictment charged theft of a steer, the property of C. The proof showed that the animal was the joint property of C. and another, and not in the actual possession and control of either of them when stolen. *Held*, that the variance between the allegation and the proof is fatal to the conviction.

2. Same — Charge of the Court. — In the state of case above indicated, notwithstanding the Revised Codes were in effect when the trial was had, it was error to give in charge to the jury art. 426 of the Code of Procedure, which has changed the previous law on this subject, and allows an indictment for the theft of property owned in common or jointly by two or more persons to allege the ownership in all or either of them. A retroactive application of this provision makes it *ex post facto*.

3. Accomplice Testimony. — An accomplice witness cannot corroborate his own testimony. See an instruction likely to mislead the jury on this subject.

4. Cumulative Sentences. — The Revised Code of Criminal Procedure, art. 800, provides that cumulative terms in the penitentiary, adjudged at the same term of court, shall be so tacked that each subsequent term shall begin at the expiration of the preceding one. But the application of this provision to offences committed prior to the Revised Codes is error; because, being more onerous than the preëxisting law, it would be *ex post facto* if enforced for antecedent offences.

Appeal from the District Court of Uvalde. Tried below before the Hon. T. M. Paschal.

The opinion discloses the case.

No brief for the appellant.

*Thomas Ball*, Assistant Attorney-General, for the State.

White, P. J. Ownership of the animal alleged to have been stolen was averred in the indictment to be in Henry Cox. The evidence showed it to have been taken from its accustomed range, and that it was in the joint mark and brand of Henry Cox and William Cox. In paragraph 3 the court instructed the jury in the charge as follows: "Where there is more than one owner of property alleged

to be stolen, the indictment may allege it to belong to either owner." . This was not the law on the first day of August, 1878, the alleged date of the offence.

By a new provision in the Revised Code of Criminal Procedure the rule now is, it is true, that "where property is owned in common or jointly by two or more persons, the ownership may be alleged to be in all or either of them." Code Cr. Proc., art. 426. But in *Calloway* v. *The State*, decided at the present term, *ante*, p. 585, we held that this provision, being a change of the rules of evidence, and making a conviction attainable upon a different state of facts, was *ex post facto* as to offences committed prior to the adoption of the Code; and the old rule announced in *Henry* v. *The State*, 45 Texas, 84, was declared to be the law still applicable to such offences. That rule is, that "if A. and B. be joint owners, and the property not in possession and control of either, and the pleader should allege that A. was the owner, the variance would be fatal."

After having correctly instructed the jury on the law of accomplices, and the necessity of corroboration by other evidence tending to connect the defendant with the offence committed, the court, in paragraph 6, proceeds thus : " By the words ' other evidence ' as used in the preceding section, is not meant alone testimony of other witnesses ; but any other facts and circumstances which are detailed by the same witness, and which the jury believe to be true, and which tend to connect the defendant with the commission of the offence, is competent testimony." If we correctly apprehend the meaning of this charge, it is directly inconsistent with and contradictory of the preceding charge, and is destructive of the law itself with regard to the corroboration necessary to sustain the evidence of an accomplice ; because it in effect declares that one or more facts stated by the accomplice himself, if believed to be true, are a sufficient corroboration of his entire testimony. Such is not the law ; an accomplice cannot corroborate himself.

Another error committed was in rendering judgment that the punishment assessed — to wit, the imprisonment, in this case — should take effect and begin at the expiration of the term imposed upon defendant by a previous judgment of conviction had in another case. Before the adoption of our Revised Codes, the District Court had no authority to fix the commencement of a term in the penitentiary at the expiration of another term, but the term of punishment always began from the date of the sentence, no matter how many convictions there were. *Prince* v. *The State*, 44 Texas, 480. This was the law at the date of the commission of the offence. The present statute, providing otherwise, having been since adopted (Rev. Code Cr. Proc., art. 800), and being more onerous, is *ex post facto* when applied to offences committed before its adoption.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*