## THE PEOPLE vs. McNAIR.

Where a witness called to testify is of tender years, the party against whom he is called, may require that he shall be examined as to his understanding of the nature and obligation of an oath.

CERTIORARI to a court of special sessions. The defendant was tried before a court of special sessions and a jury, on a complaint of an assault and battery committed by him on the body of *William Bean,* a lad of *eleven years of age.* The defendant was a *schoolmaster,* and the lad his scholar. The assault consisted in alleged cruelty on the part of the defendant, whilst correcting the complainant for misconduct in school. The lad was sworn and examined as a witness; the defendant requested the court, before he testified, to question him in regard to the nature of an oath. One of the presiding justices, being the same justice before whom the complaint was made under oath by the lad *Bean,* observed that he had before examined him in regard to his competency as a witness, and was satisfied as to his competency; and the justices united in returning that *they* did not put any questions to the lad as to the nature of an oath, being well-satisfied that he was an intelligent boy, and understood the nature of an oath. The jury found the defendant guilty, and the justices imposed a fine of twelve dollars. The defendant sued out a certiorari.

*Ward Hunt,* for the plaintiff in error, insisted that it was the duty of the court, on the request of the defendant below, to have examined the witness in the presence and hearing of the defendant and the jury, as to his knowledge of the

The People v. McNair.

nature of an oath; and that the previous examination of him by one of the justices would not excuse the omission. 1 Phillipps' Ev. 14, 16. 2 Starkie's Ev. 727. 18 Johns. R. 105.

*Willis Hall*, (*Attorney General*,) for the people. Had the witness been .examined as to his knowledge, and the testimony returned, though this court might not have been satisfied with it, the conviction would not, for that cause have been quashed. The justices here return that the witness was an intelligent boy, and that they were well satisfied that he understood the nature of an oath. Why then should they examine him?

*W. Hunt*, in reply. He should have been examined, so that the jury might have passed upon the question.

*By the Court*, NELSON, Ch. J. The court erred. The lad was of tender years, and if it had turned out, as it might, that he was wholly ignorant of the nature of an oath, it would have been the duty of the court to have rejected him as a witness, or at least before permitting him to testify, to have instructed him on the subject.

One of the justices assigned as a reason for the decision of the court, that he had before examined the witness as to his competency, and was satisfied; but it does not appear when or where he so examined him. The defendant was entitled to have the examination in his presence, on the trial before all the justices.

Conviction quashed.