# W. D. CARTER v. THE STATE.

1. Under Article 774 of the Penal Code, in order to sustain an indictment in this State for the theft of property in another State, it is necessary that the stolen property have been brought by the accused into the county where the indictment was found, or that he has had the possession of the property within the county after it was brought there. (Paschal's Digest, Article 2438.)

2. It is for the court to decide whether confessions were voluntarily made; and in this case it was material error to refer that question to the jury.

3. When, as in this case, the most material evidence against the accused consisted of his confessions, and their admissibility was questionable and was seriously contested at the trial, the jury should not have been permitted to hear the confessions until they were admitted as evidence by the court; prior to which, the discussion before the court should not have been conducted within the hearing of the jury.

4. On a conviction of theft the court below adjudged that the defendant " be " confined in the State penitentiary for the space of three years, as found " by the jury, and that he be remanded to jail to await the further " order of this court." The defendant having appealed from this judgment, the Attorney-General moves to dismiss the appeal for want of a *final* judgment. But *held*, that the judgment is sufficiently final to support the appeal, though defective in not adjudging costs against the defendant. (Paschal's Digest, Article 3183.)

APPEAL from Rusk. Tried below before the Hon. J. B. Williamson.

The opinion indicates the character of the case. The so-called confessions were not of so conclusive or definite a nature as to render a recital of them useful; and the testimony respecting the conduct of Campbell, the officer, was more suggestive than demonstrative of duress.

Able briefs on the merits of the case were filed both for the appellant and for the State.

*Wm. Alexander, Attorney-General,* moved to dismiss for want of a final judgment, citing Calvin *v.* The State, 23 Texas, 578.

*Walton & Green*, for the appellant, in reply to the motion, cited Hoppe *v.* The State, 32 Texas, 388; Nelson *v.* The State, Id., 71; and Paschal's Digest, Articles 3183 and 3148

Messrs. *Stedman, Turner, Ector, Jones,* and *Field,* also for the appellant.

WALKER, J.　　The appellant was indicted under Article 2438, Paschal's Digest.　The facts in the case are very peculiar. It may be assumed that the appellant committed a felony in the State of Louisiana; but, to make the offense indictable under our statute, Article 774 of the Criminal Code, the money stolen in Louisiana must have been brought by the appellant into some county of the State of Texas.

In this case the evidence proves that the money was not brought into the county of Rusk, where the indictment was found, by the appellant himself, but was brought into said county by a person who seems to have been ignorant of any wrong in the premises.

If the appellant did not recover the money, or take it into his possession, after it was brought into the county of Rusk, we are of opinion that this indictment cannot be sustained; but if, on the other hand, he did obtain possession of the money, claiming it as his own, or in any way appropriating it, he is guilty under the statute.

This question is raised upon the record and upon the briefs, and may become important in the future progress of the cause, but from the present statement of facts its materiality is not clearly manifest.

But our attention is more especially directed to another branch of the case.

We think in this case there was manifest error in the District Court referring any question touching the admissibility of evidence, to the jury.　In all such matters, the court must direct the jury.　Whether evidence is competent to be admitted on the trial of a cause is a question of law which must be

determined by the court; and, if it can be possibly avoided, evidence which it is probable may be ruled out, or which is in fact ruled out, should not be heard by or discussed in presence of the jury.

The importance of the application of this rule varies in different cases. In some instances it is so slight, that but little attention need be paid to it; but in the case at bar, the jury should not have been allowed to hear the evidence of appellant's confessions, or of any acts of his, such as executing notes and a mortgage, which were really part and parcel of the confession, until the court had determined that the confessions could rightly be admitted in evidence.

But in this case, under Articles 661 and 662, Criminal Code, we are clearly of opinion that evidence of appellant's confession was incompetent, and the court should have so determined, without referring the question to the jury at all. The evidence satisfies us that the confessions were made while the appellant was in the custody of an officer, or a person acting as such; that he was not cautioned as the law requires; and that the confessions were not voluntarily made, but, on the other hand, if threats and artifices were not absolutely resorted to by Campbell, the officer, something very near akin was practiced upon the appellant. This man may be very guilty; but, if convicted, he must be convicted under the forms and according to the letter and spirit of the law of the land.

The motion to dismiss the appeal in this case must have been made without due examination of the record. There is a final judgment, perhaps not in all things regular, or in forms, and it omits to adjudge the costs against the defendant; but the penalty denounced by the verdict is adjudged against the defendant, and is certainly a sufficient judgment to appeal from. The judgment of the District Court is reversed, and the cause remanded; and the motion to dismiss is overruled.

Reversed and remanded.