### JESSE A. GATLIN v. THE STATE.

Where there is a general ownership in one person of property stolen and a special ownership in another, the indictment may lay the ownership of the property in either.

APPEAL from Bexar. Tried below before the Hon. Geo. H. Noonan.

James A. Gatlin was tried and found guilty on a charge of theft of a mule and saddle, alleged in the indictment to have been the property of Harry Musgrove. The testimony of Musgrove as to the ownership of the property was that the saddle belonged to him, but the mule was the property of his cousin, Bennett Musgrove, though he stated that he had full control of the mule, and could have sold or disposed of it as he pleased, and it would have been "all right" with the cousin.

There was no charge in the indictment that Gatlin took the property with intent to deprive Bennett Musgrove of the value of the same.

Verdict guilty, and the punishment assessed at five years in the penitentiary, from which Gatlin appealed.

*A. W. Houston*, for appellant, insisted that since the offense of theft of a mule, though grand larceny, was punishable under the statute by a different penalty from grand larceny of property other than animals, the joining in one count a charge of theft of a mule, and theft of a saddle worth $25, made the indictment bad for duplicity, citing Pas. Dig., Arts. 2392, 2394, 2409; Whar. Am. L., Sec. 381; Cr. Prac., 272; Arch. Cr. Pr., 49; State v. Lott, 1 Rich'd, 260; Com. v. Gable, 7 Serg. & Rawle, 429; Lang v. State, 12 Ga., 293; State v. Dorsett, 21 Texas, 656.

He also contended that the ownership of the mule should have been proved as charged, and that as no right of property in the mule had been proven in Harry Musgrove, a new trial should have been granted.

No brief for the State.

WALKER, J.—The appellant is charged with stealing one mule, of the value of fifty dollars, and one saddle valued at twenty-five dollars, the property of Harry Musgrove. The proof shows the general ownership of the property to have been in Bennett Musgrove, but it also shows a special ownership of the property in Harry Musgrove. Where there is a general ownership in one person and a special in another, in the property stolen, the indictment may lay the property in either. (2 Bishop's Crim. Prac., 720; Langford v. The State, 8 Texas, 105.)

We deem this a sufficient notice of the errors assigned in this case.

The judgment of the District Court is affirmed.

AFFIRMED.