# Cates v. The  State.

### Indictment for Murder.

*Homicide committed where two fight willingly.* —If two persons fight willingly, on a sudden quarrel or provocation, and one kills the other, our statute makes the killing manslaughter in the first degree (Rev. Code, § 3659) ; and if the killing is committed during a renewal of the fight, after the lapse of a sufficient cooling time for passion to subside, each being armed with a deadly weapon, this is murder ; and the slayer cannot, in either case, invoke the doctrine of self-defence, or claim any immunity on account of his ill-health or inferior size.

FROM the Circuit Court of Tuskaloosa.

Tried before the Hon. W. S. MUDD.

The prisoner, John Spaniard Cates, was indicted for the murder of Moses Terrell, his brother-in-law ; was convicted of manslaughter in the first degree, and sentenced to eight years'

imprisonment in the penitentiary. On the trial, he reserved several exceptions to charges given by the court, and to the refusal of several charges asked by him; and these are the matters here relied on for a reversal. All the material facts are stated in the opinion of the court.

S. A. M. Wood and M. A. King, for the prisoner.

Ben. Gardner, Attorney General, for the State.

B. F. SAFFOLD, J. — The accused was the brother-in-law of Moses Terrell, whom he was charged with killing. They lived in the same house, on premises belonging to the defendant, Terrell keeping the house, and the other boarding with him. Their relations to each other were friendly; but the deceased, when told of a proposition made to his wife by the defendant, who was her brother, to swap work with him, came home angry, declaring " he would die or spill blood." He inquired for the defendant, who answered, " Here I am," or " Here I am, by God;" and they at once engaged in a fight, which resulted in the deceased being cut with a knife. The defendant then went to a house a few hundred yards distant, and attempted to borrow a gun; but he failed in this, and was urged by the persons to whom he applied to remain with them. He refused to do so, and returned, saying, he would kill the deceased, who also declared he would kill him. He was armed with a knife, while the other had an axe. They commenced fighting again, when presently the deceased desisted, saying he was cut, and died in a few minutes.

The court, in charging the jury, said, that a material point for their determination would be, whether the wound from which the deceased died was inflicted in the " first " or " second " fight. The substance of its further charge was, that if the fatal wound was given in the first fight, the killing was unlawful, or excusable, in proportion to the necessity the defendant was under to save his life, or to prevent great bodily harm; if, however, it was done in the second fight, there was not a case of self-defence, or excusable homicide, but of murder in the second degree, or manslaughter in the first degree, as it was actuated by malice or passion; or it might be murder in the first degree, if the defendant, after his first passion had subsided, did the killing in pursuance of a deliberate intention formed before the second encounter. Several charges asked for the defence were refused. One of them claimed greater immunity for the defendant on account of ill health, and smaller size than the deceased, without reference to his intention in engaging in the combat. The others are based on a necessary resistance to a violent assault, without fault on his part.

[Napier *v.* State.]

'Manslaughter is the unlawful killing of another, without malice, either expressed or implied. When it is done voluntarily, as if, upon a sudden quarrel, two persons fight, and one of them kills the other, our law makes it manslaughter in the first degree. R. C. § 3659. But, in every case of homicide upon provocation, if there be a sufficient cooling time for passion to subside, and reason to interpose, and the person so provoked afterward kills the other, this is deliberate revenge, and not heat of blood, and accordingly amounts to murder. 4 Bla. Com. 190, 191. There was no conflict whatever in the evidence, and the charge of the court, in application to it as above recited, is in strict accordance with the law. It is more certainly proved that there were two " fights," or encounters, than that the defendant killed the deceased, because there is a bare possibility, without impeachment of the testimony, that the deceased may have died from some other cause than the wounds. The court could scarcely have spoken of the matter without assuming that there had been some fighting, and, if any, there were two.

The charges refused were wholly inapplicable to the evidence. Both 'of the parties manifested alacrity to fight, on very little provocation. When this is the case, neither can invoke the law of self-defence.    The judgment is affirmed.