THE STATE OF MISSOURI, Respondent, *vs.* MICHAEL SCANLAN, Appellant.

1. *Practice, Supreme Court—Witnesses—Capacity—Legal conclusions.*—The Supreme Court cannot review the finding of fact by the judge of the court below, upon personal inspection, as to the mental capacity of a witness. It may review, however, any legal conclusions declared to result from the fact of capacity or incapacity, as found.

2. *Witness—Competency—Extreme youth—Tests.*—The only test of competency in a child under ten years of age to be a witness, is whether it appears incapable of receiving just impressions of the facts, or of relating them truly.

3. *Witness—Capacity—Extreme youth—Reception of evidence.*—Where a child, called upon to testify, is manifestly embarrassed by the novelty of the surroundings, so as to give, at first, absurd or unintelligible answers, it is eminently proper for the court to wait for a recovery of the mental equilibrium, before putting further questions and deciding upon the capacity of the witness.

*Appeal from St. Louis Criminal Court.*

*C. B. Smythe,* for Appellant.

*J. C. Normile,* for Respondent, cited Commonwealth vs. Mullins, 2 Allen [Mass.], 296; Commonwealth vs. Hills, 10 Cush., 530; 1 Whart., § 755, [6th Ed.]; Cook vs. Mix, 11 Conn., 432; Reynolds vs. Lounsbury, 6 Hill, 53; Chouteau vs. Sarpy, 8 Mo., 733; Roscoe's Crim. Ev. [6th Ed.], 106; State vs. LeBlanc, 1 Coust., 354; State vs. Whittier, 21 Me., 341; Washburn vs. The People, 10 Mich., 372; 2 Wagn. Stat., 1374, § 8.

LEWIS, Judge, delivered the opinion of the court.

The defendant was convicted of murder in the first degree, committed upon his wife, and sentenced to death. His appeal to this court brings us but one question for review. This appears in the following extract from the bill of exceptions:

"The State then offered as a witness in behalf of the prosecution, Mamie Scanlan. Upon being thus presented, the defendant objected to her being sworn and examined because of her tender years, whereupon she was examined by the judge respecting her qualifications as a witness; and upon this examination, the child, being much frightened and scarcely able to speak above her breath, stated to the judge

that she could not tell her age, that she did not know the nature or obligation of an oath, nor what would be the consequences of false swearing. The answers of the child to the questions of the judge, were invariably in monosyllables, yes or no, and uttered in a tone scarcely audible. Upon the first examination, the judge refused to have her sworn. Upon a re-examination, however, the court, from inspection of the witness, judged her to be between nine and ten years of age, and, having partially recovered from a fright occasioned by surroundings entirely new to her, the judge ascertained from her statements that she was the daughter of the defendant, that she knew her prayers, could read some, believed in God, and thought it wrong to tell lies. She further stated she was present at the time her mother was injured by the defendant. And thereupon the judge directed the witness to be sworn as a witness in the case. To which decision of the court, allowing said witness to be sworn, the defendant by his counsel, then and there, excepted."

We find here nothing which by any rule of law or practice will permit us to interfere with the verdict. The ruling of the Criminal Court embodied no proper subject for appellate revision. The capacity or incapacity of the child as a witness in certain essential particulars was a question of fact which the judge determined upon personal inspection and oral examination. If any principle of law had been declared by him —as that, although found incapable of discriminating between truth and falsehood, the law made her, nevertheless, a competent witness—that might well be brought here for review. But I can find no case in which it is held proper for an appellate court to review the finding of fact. The contrary rule is declared by all respectable authorities. No hardship necessarily results; for, if the judge should chance to err in his conclusion, the jury hold a powerful corrective in their right to pass upon the credibility of the witness, as tested on the stand by the usual appliances.

But aside from this view—with which, were not a human life involved, we might easily dismiss the subject—we cannot

discover any reason to doubt the entire propriety of the court's permitting the witness to testify.

The history of criminal procedure in this and the mother country abounds in illustrations of a judicial care which seeks to secure, on the one hand, whatever pertinent testimony may bring a guaranty of conscious moral responsibility, and, on the other, to admit none that may be offered without it. Distinctions and general rules have assumed various forms; but the spirit of all, as applied to children of tender years, appears in the simple formula of our statute. The rule (Wagn. Stat., 1374, § 8) excludes merely "a child under ten years of age who appears incapable of receiving just impressions of the facts respecting which they are examined or of relating them truly."

We can discover no token of any such incapacity in the final answers given to the judge by the witness in this case. The course pursued on the occasion was eminently proper. There is a practice sanctioned by time-honored precedent, under which when a child is found too young to testify with a proper sense of responsibility, the trial may be postponed until the witness shall have been suitably instructed. This, however, has been criticised, as like "preparing or getting up a witness for a particular purpose." In the present case, even that objection disappears. While the child was so laboring under nervous agitation from the novelty of the surroundings, as to give unintelligible or absurd answers, she was not permitted to testify. The court merely waited for a natural recovery of mental equilibrium, which should permit the true capabilities of the witness to appear. No sign was visible then in her examination, that she was incapable, either of receiving just impressions of the facts about which she was to testify, or of relating them truly. We can find no error in the record.

The judgment is affirmed; the other judges concur.