### King Gaines v. The State.

Theft — Ownership. — If one person has the general, and another a special, property in the thing stolen, the indictment may allege the ownership to be in either of them.

APPEAL from the District Court of Menard. Tried below before the Hon. W. A. BLACKBURN.

The indictment charged the theft of a pistol worth $25, belonging to S. Wallick. The evidence for the State proved that Wallick had the custody of the pistol for one Roberts, the owner of it.

Finding the accused guilty, the jury awarded him four years in the penitentiary.

*J. D. Hill* and *R. Runge*, for the appellant.

*George McCormick*, Assistant Attorney-General, for the State.

WHITE, J. "It is not necessary, in order to constitute theft, that the possession and ownership of the property be in the same person at the time of taking." Pasc. Dig., art. 2386. "Possession of the person so unlawfully deprived of property is constituted by the exercise of actual control, care, and management of the property, whether the same be lawful or not." Pasc. Dig., art. 2387.

The rule is well settled that where one person has the general, and another the special, property in the thing stolen, the indictment may allege the property to be in either. *Langford* v. *The State*, 8 Texas, 115; *Billard* v. *The State*, 30 Texas, 367; *Gatlin* v. *The State*, 39 Texas, 130; *Moseley* v. *The State*, 42 Texas, 78; *Cox* v. *The State*, 43 Texas, 101; *Blackburn* v. *The State*, 44 Texas, 457. The charge of the court complained of, with reference to the ownership of the property, was but an enunciation of the principles of law laid down in the statutes above quoted, and the authorities cited. As a whole, the charge is an unexceptionable one.

So far as the evidence is concerned, it was amply sufficient in identifying the stolen property, and in warranting the

jury in their conclusion of the guilt of the defendant. The two witnesses introduced by defendant to prove that he had bought the pistol from a discharged United States soldier, who had since left the state and whose whereabouts was unknown, directly contradict each other with regard to the amount paid down and the balance which defendant got from the sutler.

We perceive no error in the record, and the judgment of the lower court is, therefore, affirmed.

*Affirmed.*