Statement of Facts.

STATE OF OREGON, RESPONDENT, *v.* TOM, A CHINAMAN, APPELLANT.

CHALLENGE OF JUROR—BILL OF EXCEPTIONS MUST SHOW ALL THE EVIDENCE.—Where the decision of the circuit court on the trial of the challenge of a juror for actual bias is assigned as error, the supreme court will not review such decision, unless it appears in the bill of exceptions that all the evidence adduced on the trial of such challenge in the circuit court is reported to this court.

WITNESS—RAPE—PROSECUTRIX, THOUGH A CHILD, MUST BE SWORN.—On the trial of a case of rape on a child, where the child is called as a witness, and found by the court not to possess sufficient intelligence to testify as a witness, the declarations of such child as to the circumstances of the alleged rape can not be given in evidence. No person can testify as a witness unless first sworn, unless by the consent of the parties.

APPEAL from Linn County.

The appellant was tried and convicted of the crime of rape, at the March term of the circuit court for Linn county. George Klum was called as a juror, and being challenged for bias, in answer to the usual questions stated, " that he had a fixed opinion as to the guilt or innocence of defendant; that it would take evidence to remove such opinion; that it was founded upon what he had read in the newspapers touching the accusation, and upon statements made to him by persons who professed to detail the facts." The court denied the challenge.

Lewis Cox was called as a juror, and having been challenged for bias, answered as follows:

Question. Have you formed or expressed an opinion as to the guilt or innocence of the defendant in this cause? Answer. I have.

Q. Is that a fixed opinion? A. It is.

Q. Would it take evidence to remove that opinion? A. It would.

Q. Upon what is that opinion based? A. Upon what I have read, and upon what I have heard from persons who pretended and professed to detail the facts. There has been a great deal of talk about this case.

The juror was then submitted to the court by appellant's counsel, and the court asked him the following question:

"Can you try this case fairly and impartially ?" Appellant objected to the question, by his counsel. The court overruled the objection, and appellant, by his counsel, excepted; and the juror answered, "I think I can." Whereupon the court held that said Lewis Cox was a competent juror, and refused to sustain the challenge.

Upon the trial, two witnesses were allowed, against the appellant's objection, to testify to statements made to them by the prosecutrix, a child five years of age, as to the facts constituting the alleged rape. In the one case, the conversation took place eleven days after the event, and in the other, on the day "the Chinaman was arrested." The prosecutrix was offered as a witness, and objected to on the ground that her age rendered her incapable of receiving just impressions of the facts to which she was to testify. Thereafter the court allowed her to be examined without being sworn.

*R. S. Strahan, L. Flynn, and Bonham & Ramsey,* for appellant.

*J. J. Whitney, District Attorney,* for the state.

By the Court, BOISE, J. :

The first question presented is as to the challenges of the jurors, George Klum and Lewis Cox, for actual bias. To disqualify a juror for actual bias, he must be shown to have a state of mind in reference to the action or party challenging, which satisfies the judge trying the cause, in the exercise of a sound discretion, that the juror can not try the issue impartially. (Code, sec. 183.) "But on the trial of such challenge for actual bias, although it should appear that the juror challenged has formed or expressed an opinion upon the merits of the cause, from what he may have heard or read, such opinion shall not of itself be sufficient to sustain the challenge, but the court must be satisfied, from all the circumstances, that the juror cannot disregard such opinion, and try the issue impartially." (Code, sec. 185.) These provisions of the statute have somewhat modified the practice from what it was in the matter of trying

challenges of jurors, and the questions presented in this case must be determined so as to harmonize with these provisions.

The questions propounded to the jurors elicited answers from them, that they had formed opinions as to the guilt or innocence of the prisoner, and that they thought they were fixed opinions, and that it would take evidence to remove them. The opinions were therefore not so fixed that they could not be removed by evidence which should show the facts of the case different from what the jurors had heard them related. This kind of opinions would not, under the rule laid down in section 185 of the code, disqualify a juror, for his opinion could and would be changed if the evidence should show the facts not to be as he had heard them stated. As to whether the juror was impartial or not, was a question to be tried by the court from the evidence before him. Before we can judge whether the discretion exercised by him in overruling the challenges was a sound discretion and properly exercised in this case, we must have all the evidence before us in this court that was adduced on the trial of the challenge in the circuit court.

It does not appear from the bill of exceptions whether or not all the evidence that was before that court has been reported to this court. We can not, therefore, try the challenge here, for this court will not review any question of fact unless all the evidence is reported on which the circuit court based its opinion or finding. If all the evidence adduced in the court below in the trials of these challenges is in the bill of exceptions, that fact should have been stated; and as it is not stated, we must presume that the circuit court had sufficient evidence to support its findings.

The next question presented is as to the objections to the evidence of the declarations of Ruby Sumption, the child on whom the rape was alleged to have been committed. The court held that she was not possessed of sufficient intelligence to receive just impressions of the facts concerning which the counsel for the state proposed to examine her, or of relating them truly. But the court permitted her mother and stepfather to detail communications they had had with her, in

which she related to them facts concerning the conduct of the prisoner towards her, and what he said and did to her at the time and in the commission of the alleged crime on her person.

It is a rule that the declarations of the prosecutrix in case of rape, made immediately after the commission of the crime, may be given in evidence to corroborate her testimony on the trial, and it may also be proved that she made complaint, but the particulars of the complaint made can not be admitted in evidence as to the truth of her statement. In Phillips on Evidence, vol. 1, p. 184, the rule is laid down, "The particulars stated by the prosecutrix as to the violence used, or the person who committed the violence, can not be received. The evidence should be confined to the bare proof of the fact that a complaint of personal violence was made, and that an individual was charged, without mentioning his name." Also the appearance of the person of the prosecutrix and her clothing may be shown, and that she promptly divulged the crime and made search for the offender. If the rape be charged to have been committed on an infant, her declarations of the circumstances can not now be proved further than that she made complaint. It was once held by Sir Matthew Hale, that though the infant had not sufficient understanding to be competent to testify as a witness, still she ought to be heard without oath, to give the court information.

But, says Sir William Blackstone (4 Com. 214): "It is now settled (Brazier's case, before the twelve judges), that no hearsay evidence can be given of the declarations of a child who hath not capacity to be sworn, nor can such child be examined in court without oath; and that there is no determinate age at which the oath of a child ought either to be admitted or rejected." The rule that the declarations of one incompetent to testify can not be admitted in evidence, is now the established doctrine in the states of the Union, so far as we have been able to discover. In New York, in the case of *People* v. *McGee* (1 Denio, 24), the court says: "The rule is that when the person upon whom the offense is charged to have been committed, is incompetent

by reason of infancy, idiocy, insanity, and the like, to be sworn and give evidence as a witness, no evidence of the assertions or declarations of such person, descriptive of the offense or of the offender, can be received in evidence; and that the declarations of the person upon whom the injury has been committed in relation to it, are only proper to be given in evidence to affect the credibility of the person, after having testified in the case.

The only remaining point in the case, is that there was error in the proceedings in the circuit court, in admitting the statements of Ruby Sumption to be made to the jury without her having been first sworn. The statement shows that she had some intelligence, and was capable of relating what she knew, and that she should have been sworn, and her statement then taken. Under our present practice, more liberality prevails in admitting witnesses than formerly, and all the tests, except unsoundness of mind and want of intelligence, are abolished, and the jury are allowed to receive the evidence and weigh it, and give to it such consideration as in their judgment it deserves. But no witness can testify without being first sworn, unless by the consent of parties, and we think it was error to receive her statement without her having first been sworn. (Code, 251, sec. 699.)

The judgment of the circuit court will be reversed, and a new trial ordered.