# STATE *v*. JACKSON.

## WITNESSES—COMPETENCY OF CHILDREN.

There is no precise age within which children are excluded from giving testimony. Their competency is to be determined not by their age, but by the degree of their understanding and knowledge.

To enable them to testify, it is essential that they should have sufficient intelligence to observe and narrate, and possess a due sense of the nature and obligations of an oath.

It is for the court to decide the question of their competency when they are offered as witnesses, and its decision cannot be reviewed, unless there is clear abuse of its discretion, or a violation of some legal prinple in admitting or rejecting such witnesses.

And whenever in such case it is proposed by a bill of exceptions, to show that the conclusion reached by the court was an erroneous exercise of, or an abuse of, its discretion, it must contain all the evidence upon which such conclusion was founded, and unless this is made to appear in the bill of exceptions, either expressly or by necessary implication, the presumption of other and sufficient evidence to support the finding or decision of the court will be presumed by the appellate court.

APPEAL from Multnomah.     The facts are stated in the opinion.

*C. A. Ball, and Gregory & Williams*, for appellant.

Children under ten years of age, who appear incapable of receiving just impressions of the facts respecting which they are examined, or of relating them truly, are not admissible as witnesses. (Civil code, section 701.)   To be capable of relating them truly, it is necessary that they have sufficient capacity to relate them correctly, and sufficient instruction to appreciate the nature and obligation of an oath. (*People* v. *Bernal*, 10 Cal., 66; *Rex* v. *Williams*, 7 C. and P., 320; Best on Evidence, vol. 1, page 281; 1 Phil. Ev., 19; *People* v. *McNair*, 21 Wend., 607.)

*John F. Caples, District Attorney, and M. F. Mulkey and W. H. Adams*, for the State.

It is for the court to decide the question of the competency of children when offered as witnesses.  No hardship neces-

sarily results, for if the judge should chance to err in his conclusion, the jury hold a powerful corrective in their right to pass upon the credibility of the witness as tested on the stand by the usual appliances. (*State* v. *Scanlan*, 58 Mo., 204; *State* v. *Whittier*, 21 Me., 347; *People* v. *McNair*, 21 Wend., 608; *State* v. *Davidson*, 39 Texas, 139; *State* v. *Wade*, 50 Ala., 164; *Fuller* v. *Fuller*, 17 Cal., 605; *State* v. *Tom*, 8 Or., 181.)

By the Court, LORD, C. J.:

The appellant was tried and convicted, at the June term, 1881, of the circuit court of Multnomah county, for the crime of an assault with intent to commit rape upon the person of ———, a female child under the age of fourteen years. At the trial, for the purpose of identifying the appellant, the prosecutrix was called as a witness by the state, and the testimony having shown that she was not quite seven years of age, counsel for the appellant objected to her being sworn, on account of her tender years, and because she was too young to understand the nature and obligations of an oath.

By direction of the court, the district attorney made a preliminary examination of the witness as to her competency to testify. After asking several questions as to her age, family, place of residence, father's business, and place of business, all of which, it is stated in the record, she appeared to answer correctly, the bill of exceptions discloses some other inquiries of this purport: "Do you know what it is to testify in court—what it is to be a witness in court—what it means to take an oath to tell the truth here in court?" To each of these questions the witness made an answer in the negative; but whether these were all the questions propounded, or what further inquiry was made to satisfy the court of the competency of the witness, the bill of exceptions does not disclose. The court decided the witness to be competent, and admitted her to be sworn.

Our code provides that the following persons are not ad-

missible as witnesses: · " Children under ten years of age, who appear incapable of receiving just impressions of the facts respecting which they are examined, or of relating them truly." (Civil code, sec. 701, sub. 2.)

There is no precise age within which children are absolutely excluded from testifying. Under a statute, it is thought to be identical with ours, at the time the opinion was delivered, in the *People* v. *Bernal*, 10 Cal., 66, Mr. Justice Field said: " Their competency is to be determined, not by their age, but by the degree of their understanding and knowledge. It is essential that they should possess sufficient intelligence to receive just impressions of the facts respecting which they are examined, sufficient capacity to relate them correctly, and sufficient instruction to appreciate the nature and obligation of an oath."

An examination of the authorities satisfies us that the rule is considered to be well settled, as well in criminal as in civil cases, that whenever there is sufficient intelligence to observe facts and narrate them correctly, and a due sense of the nature and obligations of an oath, then children of any age may be permitted to testify. (Wharton's Law of Evidence, vol. 1, sec. 398, and notes; 1 Phillips on Evidence, 11; 1 Greenleaf on Evidence, sec. 367.)

It is for the court, by means of a preliminary examination, to decide the question of their competency when they are offered as witnesses. (1 Wharton's Law of Evidence, sec. 400, and cases cited.) When, then, as in this case, a witness is objected to as incompetent, on the ground that he does not possess a sufficient degree of intelligence to observe and narrate facts correctly, and to understand the nature and obligations of an oath, it becomes the duty of the court to determine the competency of the witness; and the authorities are uniform in holding that its decision cannot be reviewed, unless a clear abuse of discretion is made manifest, or that the court violated some legal principle in the admission or rejection of the witness. ( *Wade* v. *State*, 50 Ala., 166; *Commonwealth*

v. *Mullins*, 2 Allen, 295; *State* v. *Levy*, 23 Minn., 109; *Gallin* v. *State*, 39 Texas, 130; *Brown* v. *State*, 2 Tex. Ch. App., 122; *State* v. *Scanlan*, 58 Mo., 205; *State* v. *Richie*, 28 La. An., 328; 1 Wharton's Law of Evidence, sec. 400, and cases cited.)

The reason of this rule is apparent. Where the witness is a mere child, and, as in this case, a female, and introduced under unaccustomed and embarrassing circumstances, the presiding judge enjoys peculiarly favorable opportunities to decide the question of her competency correctly, and no possible hardship can result from the large discretion with which the law has invested him; for, as was said in the *State* v. *Scanlan*, *supra*, "if the judge should chance to err in his conclusion, the jury hold a powerful corrective in their right to pass upon the credibility of the witness as tested on the stand by the usual appliances."

On the other hand, under the direction and instruction of the court, an intelligent jury is not apt to err in giving the proper force and effect to the testimony of such a witness; but even if error should happen here, it is always within the power of the judge to correct it by a new trial.

From all this it becomes manifest that whenever it is proposed, by a bill of exceptions, to show that the conclusion reached by the presiding judge at the trial is an erroneous exercise of, or an abuse of, his discretion, it must contain all the evidence, pertinent at least, upon which such conclusion was founded, otherwise the presumption of other and sufficient evidence to support the opinion of the judge will prevail. It must be embodied in the bill of exceptions, or in some manner so made a part of it, that there can be no doubt that the supreme court has precisely the same evidence before it which was before the court below. And unless this is done, and it is made to appear expressly, or by implication, in the bill of exceptions, that all the evidence is before us which was adduced, and upon which the finding of the judge was based,

we will presume that he had sufficient evidence to support his findings.

As applicable to this case, and in our judgment with much stronger reason, we adopt the principle laid down in the *State v. Tom*, 8 Or., 179, wherein the court say: "It does not appear, from the bill of exceptions, whether or not all the evidence that was before the circuit court had been reported to this court. We cannot, therefore, try the challenge here, for this court will not review any questions of fact unless all the evidence is reported on which the circuit court based its opinion or finding. If all the evidence adduced in the court below, in the trial of these challenges, is in the bill of exceptions, *that fact should be stated*, and as it is not stated, we must presume that the circuit court had sufficient evidence to support its finding."

But independent of this objection, if the questions stated, to which negative answers were given, were the only questions addressed to the witness on that particular subject, taken in connection with what had preceded, and the instruction and admonition of the judge, they by no means, in our judgment, establish a clear case of abuse of discretion, or the violation of any legal principle, in allowing the witness to testify. Older and wiser persons might have failed to answer these same questions, without creating such imputation upon their intelligence, or proper application of the nature and obligations of an oath, as would exclude them as witnesses. Neither in form nor substance are they calculated to probe the conscience of such a witness, and to ascertain her competency in reference to the nature of an oath as a religious obligation and solemn appeal to God, that is the principal subject of inquiry when an examination of this character is made. (1 Phillips on Evidence, 12; 1 Wharton on Law of Evidence, sec. 400, and cases cited in note 6.) The judgment of the circuit court is affirmed.

Judgment affirmed.