[ Argued January 10, 1893; decided January 16, 1893.]

## STATE OF OREGON *v.* FRANK S. INGRAM.

[S. C. 31 Pac. Rep. 1049.]

1. JURORS — QUALIFICATION — FIXED OPINION — CODE, § 185.— Where a juror at first says he has a fixed opinion, but upon further examination states that he can decide the case on the testimony regardless of his previous impressions, he is qualified under Hill's Code, § 185, subdivision 2. *State v. Tom,* 8 Or. 177; *Kumli v. So. Pac. Co.* 21 Or. 505, approved and followed.

2. MURDER — EVIDENCE OF MOTIVE.— On the trial of defendant for the murder of his brother, it is competent, for the purpose of showing a motive for the crime, and the relations existing between the parties, to admit evidence that defendant was disinherited by his father's will, while the deceased was amply provided for, and that in the contest over the will, shortly before the murder was committed, the taking of the deposition of the deceased was objected to by defendant, and the hearing continued on that account.

Linn County: REUBEN P. BOISE, Judge.

Frank S. Ingram was convicted of murder in the second degree for killing his brother, and appeals. Affirmed.

*J. K. Weatherford,* and *W. R. Bilyeu,* for Appellant.

*George E. Chamberlain,* attorney-general, and *H. H. Hewitt* ( *Jas. McCain,* district attorney, *and Wyatt & Whitney* on the brief), for Respondent.

PER CURIAM.—The defendant was indicted for murder in the first degree, tried and convicted of murder in the second degree, and sentenced to the penitentiary during his natural life. The deceased was a brother of the defendant.

1. The first error presented is as to the challenges of certain jurors for actual bias, which were overruled by the trial court. The objection is raised under subdivision 2, section 185, Hill's Code. The facts disclose that in impaneling the jury at the trial of the cause the defendant by his counsel challenged one George McHargue touching his qualifications to act as a juror upon the ground that he had formed an opinion as to the guilt or innocence of the defendant from reading the newspaper account of his first trial, and that such opinion was a fixed one; but upon examination by the court, the juror stated that he should form his opinion from the evidence, if he was taken as a juryman, and that he had no opinion that would affect his judgment after hearing all the testimony. There was no error: *State* v. *Tom*, 8 Or. 177; *Kumli* v. *So. Pac. Co.* 21 Or. 505 (28 Pac. Rep. 637). In this last case this subject was thoroughly examined, and is decisive of the point here involved.

2. The next objection is to the introduction of the papers in the contest over the will of the father of the deceased, which show that the prisoner was disinherited, while the deceased was amply provided for. It also shows that the evidence of the deceased was about to be taken shortly before be was killed, but the taking of his deposition was objected to by the defendant, and the hearing before the referee continued. The object of this evidence was to show the motive of the prisoner and the relations existing between the parties.

Under the circumstances, we think there was no error, and that, as a consequence, the judgment must be affirmed.