Argued October 23; decided November 11, 1895.

### STATE *v.* KELLY.

[42 Pac. 217.]

| 28 | 225 |
| 29 | 95 |
| 28 | 225 |
| f35 | 465 |
| 28 | 225 |
| 36 | 204 |
| 28 | 225 |
| 39 | 168 |
| 28 | 225 |
| 43 | 216 |
| 28 | 225 |
| 46 | 489 |

1. COMPETENCY OF JURORS — CODE, § 187.— A juror who testifies that from reading newspaper reports of the case he had formed and expressed some opinion, but that his opinion was not fixed, and would not influence his verdict, is competent: *State* v. *Ingram*, 23 Or. 434, and *State* v. *Brown*, 28 Or. 147, approved and followed.

2. EXCLUSION OF JURY — CONFESSIONS.— Whether the jury shall be excluded pending the preliminary examination as to the admissibility of a confession is within the discretion of the trial court: *State* v. *Shaffer*, 23 Or. 555, cited and approved.

APPEAL from Multnomah: T. A. STEPHENS, Judge.

The defendant, Joseph Kelly, (more familiarly known in the criminal records as "Bunco" Kelly,) was jointly indicted with X. N. Steeves, an attorney of this court, on a charge of murdering George W. Sayres, and, having been convicted of the crime of murder in the second degree, brings this appeal, assigning as error the decision of the court overruling his challenge to certain jurors for actual bias, and its refusal to exclude the jury from the courtroom during the preliminary hearing before the court to determine the admissibility of an alleged confession offered in evidence by the prosecution.

For appellant there was a brief and an oral argument by *Messrs. John F. Caples* and *John Ditchburn.*

28 OR.—16.

For the state there was a brief by *Messrs. Cicero M. Idleman,* attorney-general, and *Wilson T. Hume,* district attorney, with an oral argument by *Mr. Hume.*

Opinion by MR. CHIEF JUSTICE BEAN.

1.  Upon the examination of the jurors challenged on their *voir dire* each of them testified that he had read what purported to be the facts of the case in the newspapers; that from such reading and what he heard he had formed and expressed some opinion upon the merits, but that it was not fixed, and would not influence his verdict if taken as a juror. Under these circumstances there was no reversible error in overruling the challenge. This question has been so often and thoroughly examined by the court that it is unnecessary to do more at this time than refer to the opinions in the following cases: *State* v. *Tom,* 8 Or. 177; *Kumli* v. *Southern Pacific Company,* 21 Or. 505 (28 Pac. 637); *State* v. *Ingram,* 23 Or. 434 (31 Pac. 1049); *State* v. *Brown,* 28 Or. 147 (41 Pac. 1042).

2.  The next point made by the defendant is that the court erred in overruling his motion to exclude the jury from the courtroom during the preliminary hearing before the court as to the competency of a certain alleged confession which the court, after the hearing, refused to admit in evidence because it was obtained by undue influence and improper inducements held out to the defendant by those in authority. This is a new question here, but we understand the practice in the trial courts has generally been to conduct such examinations in the presence of the jury, and, in our opinion, the question as to whether it shall be so conducted or otherwise should be left to the sound discretion of such courts. The competency and admis-

sibility of confessions, like other testimony, is for the
court to determine; but, when admitted, their weight
and credibility is for the jury alone, and hence it is
necessary that the jury should be put in possession of
all the circumstances surrounding the making of an
alleged confession to enable them to intelligibly deter-
mine the weight and credibility to which it is entitled.
A confession, to be admitted, must have been freely
and voluntarily made.    When offered in evidence the
question whether it was so made is to be decided pri-
marily by the presiding judge, but his decision is not
conclusive upon the jury as to the weight or credibil-
ity to be given to such evidence.    If, upon the whole
testimony, they believe it was not the free and volun-
tary act of the defendant, they have a right to ex-
clude it entirely in their consideration of the case.
Therefore, if the preliminary examination is not held
in the presence of the jury, and the court admits the
confession in evidence, the whole testimony as to the
circumstances under which it was made must be gone
over again before the jury.    And whether this course
should be pursued or the preliminary examination had
in the presence of the jury in the first instance may
be safely intrusted to the sound discretion of the trial
court.    Cases may arise, it is true, in which the ends
of justice might be best served by conducting the ex-
amination without the hearing of the jury, but the
necessity for such precaution must be left to the en-
lightened discretion of the presiding judge to deter-
mine.

The argument that if the preliminary hearing is
had in the presence of the jury they will ordinarily
learn the nature of the confession and be influenced
thereby in arriving at a verdict, although the court
may refuse to admit it in evidence, is based upon an

unwarranted assumption of the ignorance and incompetency of the jury. During such an examination they are but silent spectators, who necessarily understand that out of its results something may or may not come before them as evidence, and that until the court rules the question is for its consideration and not for theirs. In the judgment of the law juries are deemed capable of that amount of discrimination; it would be impossible to conduct a jury trial on any other principle. In this as in most other cases where evidence is offered and objected to it is generally impossible for the court to determine its admissiblity without the objection itself, the argument of counsel, or the offer to prove, disclosing to some extent at least its nature; and the law assumes that jurors are competent to disregard whatever is heard at such a time, but not admitted as evidence for their consideration. Experience has shown such to be the case, and upon this assumption the law proceeds. The defendant cites in support of his position *Hall* v. *State,* 65 Ga. 36, *Ellis* v. *State,* 65 Miss. 44 (7 Am. St. Rep. 634, 3 So. 188), and *Carter* v. *State,* 37 Texas, 362. In the Georgia case what is said upon this question is mere *dictum,* and the writer of the opinion failed to note a previous decision of the same court (*Holsenbake* v. *State,* 45 Ga. 43,) where the point was directly made and ruled to the contrary. And in the subsequent cases of *Woolfolk* v. *State,* 81 Ga. 551, (8 S. E. 724,) and *Fletcher* v. *State,* 90 Ga. 468, (17 S. E. 100,) the court took occasion to so explain the Hall case, and to announce what we conceive to be the true rule,—that it is within the discretion of the trial court to say whether the jury shall remain or retire while such preliminary testimony is being taken. In *Fletcher* v. *State,* 90 Ga. 468, (17 S. E. 100,) Mr. Chief Justice BECKLEY said:

"Touching the practice of retiring the jury, the strict letter of *Hall* v. *State,* 65 Ga.. 36, is not good law. Though approved arguendo in *McDonald* v. *State,* 72 Ga. 55, it has since been toned down in Woolfolk's case, 81 Ga. 564, 565, (3 S. E. 724,) and the true rule announced to be that the question whether the jury shall be retired or not is one resting in the sound discretion of the court. In the Mississippi and Texas cases the judgments were reversed upon other points, and the question as to the proper practice in conducting the preliminary examination to determine the admissibility of confessions seems not to have been necessary to a decision in either instance. We have been unable to find that the question has arisen in any of the other states except Ohio, Alabama, and Nebraska, and in these the courts have held that the propriety of conducting the examination in or out of the presence of the jury must be left to the sound discretion of the trial court: *Lefevre* v. *State,* 50 Ohio St. 584 (35 N. E. 52); *Mose* (*a slave*) v. *State,* 36 Ala. 211; *Shepherd* v. *State,* 31 Neb. 389 (47 N. W. 1118). In this state the rule prevails that such inquiry as to the admissibility of dying declarations may be conducted in the hearing or presence of the jury, or otherwise, as the discretion of the court may dictate, (*State* v. *Shaffer,* 23 Or. 555, 32 Pac. 545,) and no good reason can be suggested why a different practice should prevail as to confessions. There being no error in the record, the judgment is affirmed.

AFFIRMED.