COMMONWEALTH *vs.* THOMAS REAGAN.

Suffolk.    November 21, 1899. — March 1, 1900.

Present: HOLMES, C. J., MORTON, BARKER, HAMMOND, & LORING, JJ.

*Competency of Child as Witness.*

When it is objected that by reason of insanity or youthfulness a witness does not understand the nature of the oath and is therefore incompetent, it is the duty of the judge to examine into the question of his competency, and to reject him unless he is satisfied that he is competent.

INDICTMENT, charging an assault in May, 1899, upon a little girl who was born in November, 1893.   At the trial on June 23, 1899, before *Dewey*, J., she was called as a witness by the government and allowed to testify.   After a verdict of guilty the case was reported for the determination of this court.   If there was error prejudicial to the rights of the defendant in admitting her testimony, the verdict was to be set aside and such order entered as to this court should seem proper " to the end that the prosecution be terminated and the defendant discharged."   The other material facts appear in the opinion.

*C. S. Sullivan*, for the defendant.

*J. D. McLaughlin*, Second Assistant District Attorney, for the Commonwealth.

HAMMOND, J.   As the result of the *voir dire* examination of the witness the judge was of the opinion that she was not competent, but no formal order or ruling was made, and he permitted her to be sworn and to testify, stating that he should leave the question of her competency to the jury.   In his charge to them he gave full and careful instructions as to the law material to that issue, and told them that if they found her competent they should take her statements as evidence, other-

wise they were to disregard all she had said, and deal with the case as though she had not been called. The evidence as to her competency is not before us, but from the course taken by the judge we must assume that in his judgment it would warrant a finding by the jury that she was competent. The defendant excepted to this course, contending that it was the duty of the court alone to decide that question. The jury brought in a verdict of guilty, and in reply to the question put by the court said that they found the witness competent, and in reaching their verdict they treated her as such and relied in part on her testimony. We assume that her testimony was prejudicial to the defendant, and therefore the simple question raised on the report is whether there was error in law in the method of dealing with the question of the competency of the witness.

Speaking generally, the text books on evidence lay down the proposition that in a jury trial all questions as to the admissibility of evidence are for the judge. Thus Starkie says, "In civil as well as criminal proceedings, the competency of an infant is a question of discretion of the court." 2 Stark. Ev. (4th Am. ed.) 393.

Phillips says, "It is the province of the judge presiding at the trial, to decide all questions on the admissibility of evidence ; it will be for the judge also to decide any preliminary question of fact, however intricate, the solution of which may be necessary for enabling him to determine the other question of admissibility." 1 Phil. Ev. (4th Am. ed.) 3. And again he says that the competency of a witness is a condition precedent to admitting his evidence. "The judge alone has to decide whether such condition precedent has been fulfilled. If proof is offered by witnesses, he is to decide upon their credibility. If counter evidence is proposed, he must receive it before he decides ; and he has no right to ask the opinion of the jury on the fact as a condition precedent." p. 6.

Roscoe says, "It is for the court to decide upon the competency of witnesses, and for the jury to determine their credibility." Roscoe, Crim. Ev. (12th ed.) 100. The rule is laid down by Greenleaf, Taylor, and Wharton in equally positive terms. 1 Greenl. Ev. §§ 81 (e), 161 (b). Taylor, Ev. 23 a. Whart. Crim. Ev. §§ 370, 373.

And this is so whether the objection to the competency is made upon the ground of interest, insanity, or infancy. Other familiar examples of the application of the rule are where confessions or dying declarations are offered in evidence. It is stated by Greenleaf that if the decision of the admissibility of the evidence depends upon the decision of other questions of fact, as, for example, the fact of interest of the witness or the due execution of a deed, in such cases it is allowable for the judge at his discretion to submit the question of the admissibility of the evidence to the jury, with instructions to consider it as evidence or not, according as they decide that question. 1 Greenl. Ev. § 81 (e). *Gordon* v. *Bowers*, 16 Penn. St. 226.

But these cases are regarded as exceptions to the general rule, and it may be doubted whether the language of Greenleaf is not too broad, as applied at least to the practice in England and to criminal cases. See 1 Phil. Ev. (4th Am. ed.) 6, and the language of Erle, J., during the argument in the case of *Jenkins* v. *Davies*, 10 Q. B. 314, 320 ; and of Denman, C. J., in delivering the judgment of the court in the same case, at p. 323.

But whatever may be the scope of this exception, it is certain that in the case of dying declarations, infancy, and insanity the rule itself is very strictly adhered to. It is true that in *Rex* v. *Woodcock*, 1 Leach C. C. 500, Eyre, C. B., left to the jury the question whether the deceased was aware that she was in a dying condition at the time of making the declarations offered as dying declarations. That case, however, has not been followed, but has been virtually overruled by subsequent cases.

In *Welbourn's case*, 1 East P. C. 358, 360, which was an indictment for murder, evidence was admitted of statements as dying declarations. The preliminary question was whether the deceased knew she was dying. It was left to the jury to say upon the whole evidence whether they were satisfied that the deceased knew her situation at the time she made the statements. The prisoner was convicted. The case being referred to the judges, they decided by a majority opinion that it did not sufficiently appear that she knew she was in a dying state when she made the statements; " and they all agreed that whether the deceased thought herself in a dying state or not was matter to be decided by the judge in order to receive or reject

the evidence, and that that point should not be left to the jury." To the same effect is *John's case*, 1 East P. C. 357. See also *Rex* v. *Hucks*, 1 Stark. 521, 522, and a note to the same at the end of the case by Starkie, wherein he says that the decision in *Rex* v. *Woodcock*, *ubi supra*, is inconsistent with principle. See also *Bartlett* v. *Smith*, 11 M. & W. 483; *Jenkins* v. *Davies*, *ubi supra*; *Harris* v. *Great Western Railway*, 1 Q. B. D. 515, 533; *Regina* v. *Hill*, 5 Cox C. C. 259; *Regina* v. *Perkins*, 2 Moody C. C. 135; *Carpenters' Co.* v. *Hayward*, 1 Doug. 374, 375. Bul. N. P. 297.

The practice in this Commonwealth is stated by Morton, C. J., in *Commonwealth* v. *Preece*, 140 Mass. 276, as follows: " When a confession is offered in evidence, the question whether it is voluntary is to be decided primarily by the presiding justice. If he is satisfied that it is voluntary, it is admissible; otherwise, it should be excluded. When there is conflicting testimony, the humane practice in this Commonwealth is for the judge, if he decides that it is admissible, to instruct the jury that they may consider all the evidence, and that they should exclude the confession, if, upon the whole evidence in the case, they are satisfied that it was not the voluntary act of the defendant."

In *Commonwealth* v. *Culver*, 126 Mass. 464, Lord, J., alluding to the practice sometimes followed in a criminal case, where an objection to an alleged confession of a defendant is made upon the ground that it was improperly obtained, for the judge to allow the confession and all the evidence bearing upon the manner in which it was obtained to be submitted to the jury, either to be rejected wholly by them, or to be allowed such weight as under all the circumstances they think proper, says that this is done rather by consent than otherwise, neither party desiring to take the decision of the judge upon the question; but he adds, " The prisoner has always the right to require of the judge a decision of the competency of the evidence ; and, even after the judge has decided the evidence to be competent, the prisoner has the right to ask of the jury to disregard it, and to give no weight to it, because of the circumstances under which the confessions were obtained." And the practice, as thus stated, is well settled in this Commonwealth.

*M'Managil* v. *Ross*, 20 Pick. 99. *Dole* v. *Thurlow*, 12 Met. 157. *Commonwealth* v. *Brown*, 14 Gray, 419. *Commonwealth* v. *Mullins*, 2 Allen, 295. *O'Connor* v. *Hallinan*, 103 Mass. 547. *Commonwealth* v. *Coe*, 115 Mass. 481. *Commonwealth* v. *Preece*, 140 Mass. 276. *Commonwealth* v. *Bond*, 170 Mass. 41, and cases there cited. As to decisions in other States upon the question, see *Hughes* v. *Detroit, Grand Haven, & Milwaukee Railway*, 65 Mich. 10; *Carter* v. *State*, 63 Ala. 52; *People* v. *McNair*, 21 Wend. 608; *McGuire* v. *People*, 44 Mich. 286; *State* v. *Edwards*, 79 N. C. 648; *People* v. *Linzey*, 79 Hun, 23; *Flanagin* v. *State*, 25 Ark. 92; *Coleman* v. *Commonwealth*, 25 Gratt. 865; *People* v. *Bernal*, 10 Cal. 66; *Simpson* v. *State*, 31 Ind. 90; *State* v. *Le Blanc*, 3 Brev. (S. C.) 339; *Lester* v. *State*, 37 Fla. 382; *Holcomb* v. *Holcomb*, 28 Conn. 177; *State* v. *Whittier*, 21 Maine, 341, 347; *Cook* v. *Mix*, 11 Conn. 432; *State* v. *Scanlan*, 58 Mo. 204; *Peterson* v. *State*, 47 Ga. 524; *Mead* v. *Harris*, 101 Mich. 585; *Bowdle* v. *Detroit Street Railway*, 103 Mich. 272.

The rule conduces to the orderly and efficient conduct of a trial. It is also of the gravest importance in a criminal case that the radical question whether a witness understands the nature of an oath should be considered by itself in the first instance, free from any complication with the nature of the evidence he is expected to give, or its bearing upon the issues of the case.

When the decision is to be made by a mind so situated as to be in danger of being influenced by the nature of the story as told by the witness and the importance of the testimony and its bearing one way or the other, it is plain that the decision is not so likely to be upon the real merits of the question as it otherwise would be; and it is easy to see, as indeed this very case may perhaps show, that with the whole case before the jury there is danger that the question of the competency of a witness may be decided according as his testimony may be legally necessary to sustain a view of the case which the emotions of the jury may lead them to take, if they can find evidence enough to justify them.

Upon principle, and by an overwhelming weight of authority in England and in this country, we are satisfied that when

a witness is called, and it is objected that by reason of insanity or youthfulness he does not understand the nature of the oath, and is therefore incompetent, it is the duty of the judge to examine into the question of his competency, and to reject him unless he is satisfied that he is competent. Against the objection of the prisoner a different course was taken in this case. The judge was of the opinion that the witness was not competent. It was the right of the prisoner upon that finding to have the witness excluded.

The verdict should be set aside. Since it is possible that at another trial the witness, by reason of mental development and instruction, general and special, may have sufficient comprehension of the nature and obligation of an oath to satisfy the court that she is a competent witness, we make no further order.                                          *Verdict set aside.*