On Rehearing.
BREAUX, J.
In view of the gravity of the crime of which the defendant has been found guilty, the court has re-examined the issues with great care.
There was a bill of exceptions, as disclosed by the record, certified to by the clerk of the court, or, rather, this officer, upon objection to the court’s ruling, reduced the examination of a witness to writing as required by the act of 1890.
In the matter of competency of witness Viola Boone, upon whom the defendant is charged with having committed rape, it appears by the bill of exception just mentioned that counsel for defendant objected on the ground of incompetency.
She was examined as a witness regarding her competency, and said, in answer to questions propounded, among other things, that she did not know what “swearing on the Bible” meant, nor what “telling the truth” meant, nor “telling untruth,” but knew, if she told a story, — to quote literally from her testimony, — that “the bad man will get me”; that she had never heard of God, but that she had heard of the Lord.
The court ruled that the witness was competent, and she was heard to testify regarding the facts of the crime charged.
We quote from the bill originally signed by the clerk only, upon the court’s ruling, viz.: “The defendant excepted, and reserves this, his bill of exception.”
When the crime was committed, of which defendant was found guilty, the witness was three and a half years, and she was not quite four years of age when she testified.
On appeal the attorney general, representing the state in a spirit of utmost fairness, in favorem vitse, consented to permit the counsel for defendant to supplement the record (with the court’s sanction) with the return officially made by the judge of the district court, which • reads as follows: “I, J. L. Dagg, judge of said court, in compliance with the above order, hereby certify to the correctness of the testimony and the proceedings recited in the documents annexed hereto.”
To this point, as a matter of practice, the case is unusual and sui generis. But the court, considering that an oversight had been committed by counsel, in not having obtained the signature of the judge to the bill of exceptions, allowed the essential addendum to be made with the consent of the law officer of the state.
We consider, under the circumstances, the irregularity cured, and that the bill, in all respects, is properly before us; it now having the trial judge’s signature.
The testimony of an intelligent child may be admitted. The admissibility of the testimony depends upon its intelligence.
There is a tendency not to admit the testimony of a child, no matter how intelligent, who is only four years of age, or less. Mr. Wharton, in his work on Criminal Evidence (9th Ed., p. 306), says: “It must be remembered, however, that these observations apply only to the border land between infancy and maturity. To permit a child under three or even four years to be sworn and examined would be trifling with public justice.” We do not agree with that view, as we consider it too extreme. In another paragraph the commentator does not go as far as expressed above.
We have referred to the decisions to which the commentator refers in support of his text, and found that, while there is no determinate age at which the oath of a child ought to be either admitted or rejected, yet in every instance it is required that the child should (we think quite properly) be sufficiently intelligent to testify intelligently. People v. McNair, 21 Wend. 600; State v. Tom, 8 Or. 180.
The child in the case before us for decision *77 was ignorant, and does not appear to have had any impression regarding the sanctity of an oath and of the sacredness of truth.
The statement of this witness does not convince us that she was sufficiently above absolute ignorance as to render her a competent witness. She was even unaware of the purpose there was in bringing her to the courthouse to testify. We are convinced that the child was not old enough — intelligent enough— to be sworn, in her then ignorant condition.
It is therefore ordered, adjudged, and decreed that the judgment appealed from is avoided, annulled, and set aside.
It is further ordered, adjudged, and decreed that a new trial be granted the accused, and that his case be proceeded with according to law and the views before expressed.