### EMMA PILON *vs.* ALFRED E. VIGER.

Berkshire.     January 17, 1908. — February 29, 1908.

Present: KNOWLTON, C. J., HAMMOND, LORING, SHELDON, & RUGG, JJ.

*Practice, Civil,* Finding of judge on preliminary question of fact.  *Evidence,* Proof of anonymous letters.

Where, at the trial of an action, anonymous letters are offered in evidence, and there is conflicting evidence, warranting a finding either way, upon the question whether the letters were written by or with the authority of a party to the action, to whom they are attributed by the adverse party offering them, the letters cannot be admitted in evidence until the presiding judge has passed upon this preliminary question, and, if he finds that the letters were not written by or with the authority of the person to whom they are attributed, his exclusion of the letters based on this finding of fact is final.

HAMMOND, J.   This was an action to recover damages for breach of promise of marriage.   The defendant denied the engagement and affirmed that if there ever was an engagement he was released therefrom by the conduct of the plaintiff. During the trial the defendant produced and offered in evidence three anonymous letters which he contended had been written by the plaintiff; and in response to a question propounded to him by the judge at the plaintiff's request, said that he offered them first on the question of damages and second on the credi-

bility of the plaintiff. The letters are before us, and it is difficult to see their materiality upon either of these questions.

But we do not find it necessary to decide that question because even if they do have a remote bearing there appears to be no error in their exclusion. Upon the offering of the letters there was a preliminary question before the court, and that was whether the plaintiff wrote them. Upon that question the evidence was conflicting, the plaintiff denying that she ever wrote them or authorized them to be written, or that she knew anything about them; while on the other hand a handwriting expert testified that she did write them. Upon this preliminary question the evidence warranted a finding either way. The judge having rejected the letters, it is to be assumed that his finding upon this preliminary question was that the plaintiff did not write them; and that finding we cannot disturb. Upon such a finding the court properly excluded the letters. The rules of law applicable to such a situation have been so fully discussed in the recent cases of *Commonwealth* v. *Reagan*, 175 Mass. 335, and *Commonwealth* v. *Tucker*, 189 Mass. 457, 473, 474, that we need only to refer to those cases and the authorities therein respectively cited.

*Exceptions overruled.*

*H. W. Ogden*, for the defendant.

*M. B. Warner*, (*U. G. Church* of Connecticut with him,) for the plaintiff.